966 P.2d 305 (1998)
136 Wash.2d 644
SPOKANE COUNTY, on the relationship of the County Commissioners and James R. Sweetser, Spokane County Prosecuting Attorney, Respondents,
v.
The STATE of Washington, the Public Employment Relations Commission, an agency of the State of Washington, Marvin L. Schurke, its Executive Director, and Dustin C. McCreary, Janet L. Gaunt, and Sam Kinville, its Commission Members, Appellants.
No. 64794-1.
Supreme Court of Washington, En Banc.
Argued February 25, 1998.
Decided October 22, 1998.
*306 Jeffrey C. Sullivan, Yakima County Prosecutor, Ronald S. Zirkle, Deputy Yakima County Prosecutor, Yakima, Amicus Curiae on behalf of Washington Association of Prosecuting Attorneys.
Christine Gregoire, Attorney General, Spencer W. Daniels, Asst. Attorney General, Olympia, Powell & Morris, William J. Powell, Spokane, for Appellants.
*307 James Sweetser, Spokane County Prosecutor, Martin F. Muench, Kathryn Lee, Deputies Spokane County Prosecutor, Spokane, for Respondents.
JOHNSON, Justice.
The central issue presented in this appeal is whether the Public Employment Relations Commission (PERC) has jurisdiction to hear labor related complaints against the Spokane County Deputy Prosecutors (Deputy Prosecutors). The Superior Court held the Deputy Prosecutors do not fall within the statutory definition of "employee" under the Public Employees' Collective Bargaining Act, RCW 41.56(Act) and, thus, are not subject to PERC jurisdiction. PERC obtained direct review of that decision. We affirm.

FACTS
On July 17, 1992, PERC designated Local 1553-PA of the Washington State Council of County and City Employees (Union) as the exclusive bargaining representative of the Deputy Prosecutors. Spokane County and the Union then began to negotiate a collective bargaining agreement for the Deputy Prosecutors. Negotiations never produced an agreement but did result in several unfair labor practice complaints filed with PERC against Spokane County.
Prior to any decision from PERC on any of the unfair labor practice complaints, the Deputy Prosecutors filed a petition against state officers in this court, seeking to prohibit PERC from exercising jurisdiction over them. The Deputy Prosecutors did not join the Union as a defendant and the Union moved to intervene. The case was transferred to the Spokane County Superior Court, where the Deputy Prosecutors moved for summary judgment. PERC moved for dismissal of the case. The Superior Court granted summary judgment for the Deputy Prosecutors and issued a writ of prohibition to PERC, enjoining it from hearing complaints against the Deputy Prosecutors. PERC obtained direct review of the Superior Court's decision.

ANALYSIS

Union Intervention
At the trial court, the Union argued it was entitled to either intervention as a matter of right[1] or, in the alternative, permissive intervention. The trial court denied the Union's motion. The Union appealed to the Court of Appeals and its appeal was consolidated with this action. In denying the Union's motion to intervene, the trial court stated, in part:
1. The actions filed by the Petitioners are solely related to the jurisdiction of the Public Employment Relations Commission over the office of Prosecuting Attorney. The motions to intervene fail to meet the four criteria set forth in Westerman v. Cary, 125 Wash.2d 277, 892 P.2d 1067 (1994), since their interest is that of PERC and the interest of PERC are adequately represented by the Office of Attorney General.
2. The motions by the intervenors claimed only an interest and were silent as to the essential issue of adequate representation by an existing party.
Clerk's Papers at 55.
The denial of a party's motion to intervene as a matter of right will be reversed "only if an error of law has occurred." Westerman v. Cary, 125 Wash.2d 277, 302, 892 P.2d 1067 (1994) (citing 7C Charles A. Wright et al., Federal Practice and Procedure §§ 1902, 1923 (2d ed.1986)). An error of law is "an `error in applying the law to the facts as pleaded and established.'" Westerman, 125 Wash.2d at 302, 892 P.2d 1067 (citing In re Estate of Jones, 116 Wash. 424, 426, 199 P. 734 (1921) (quoting Morgan v. Williams, 77 Wash. 343, 345, 137 P. 476 (1914))). In Westerman, we set out the following four requirements that must be met before intervention of right can be granted:
(1) timely application for intervention;

*308 (2) the applicant claims an interest which is the subject of action;
(3) the applicant is so situated that the disposition will impair or impede the applicant's ability to protect the interest; and
(4) the applicant's interest is not adequately protected by the existing parties.
Westerman, 125 Wash.2d at 303, 892 P.2d 1067 ("[a]ll four of these requirements must be met for reversal to be justified.").
The Union argues its interests in this case are different from those of PERC because it is the certified bargaining representative and PERC is an administrative agency of the state which "does not purport to represent the interests of the Union, but to carry out and enforce the law." Opening Br. of Appellants (Union) at 11.
The Deputy Prosecutors urge that the Union has a right to represent them only if the deputies fall under PERC jurisdiction. If the Deputy Prosecutors are correct and they are exempted under the Act, the Union has no interest. The Deputy Prosecutors also argue any interest the Union may have is protected by PERC, which is "vigorously defending its position that the employees [deputy prosecutors] are covered under the statute." Opening Br. of Resp'ts at 15. Lastly, the Deputy Prosecutors point out that Union intervention would prejudice the rights of other parties because the only remedy sought is a writ of prohibition which is directed to a state agency and cannot be issued against a private party.
While there is no question of timeliness of the Union's motion to intervene, the other three Westerman criteria have not been met. As the Deputy Prosecutors point out, the ability of the Union to bargain on their behalf exists only if PERC has jurisdiction. While the Union might be affected by the ultimate outcome of this case, its interest is not direct. That PERC adequately represents the Union's position is evidenced by the fact that the Union presents no argument on the issue of PERC's jurisdiction different from the arguments advanced by PERC. We affirm the trial court and hold the Union is not entitled to intervention as a matter of right.
The Union also argues it is entitled to permissive intervention under CR 24(b)(2).[2] A trial court's decision on a party's motion for permissive intervention is a matter of discretion and will be reviewed under an abuse of discretion standard. Ford v. Logan, 79 Wash.2d 147, 483 P.2d 1247 (1971). An abuse of discretion occurs only when "`"no reasonable person would take the position adopted by the trial court."'" Westerman, 125 Wash.2d at 304, 892 P.2d 1067 (citing In re Dependency of J.H., 117 Wash.2d 460, 472, 815 P.2d 1380 (1991) (quoting Board of Regents v. City of Seattle, 108 Wash.2d 545, 557, 741 P.2d 11 (1987) (quoting Griggs v. Averbeck Realty, Inc., 92 Wash.2d 576, 584, 599 P.2d 1289 (1979)))). While the Union may be affected by the final outcome of our decision here, that affect is limited to the germane issue between PERC and the Deputy Prosecutors. The writ of prohibition issued by the trial court may be issued to only an entity of the state, not a private party. We hold the trial court did not abuse its discretion in denying the Union's motion for permissive intervention.
Although we hold the Union is not entitled to intervention as a matter of right or permissive intervention, we treat its arguments as amicus for the substantive issues presented in this action.

Exhaustion of Administrative Remedies
PERC next asserts the Deputy Prosecutors are required to exhaust administrative remedies prior to seeking relief from this or any other court.[3] Specifically, PERC urges that the Deputy Prosecutors had a "`plain, speedy, and adequate remedy at law,' namely, judicial review following the APA proceeding before PERC[.]" Opening Br. of Appellants (PERC) at 8. According to *309 PERC, this precludes issuance of the writ of prohibition. PERC asserts because its decisions are reviewable under the Administrative Procedure Act, RCW 34.05(APA) for lack of jurisdiction, the Deputy Prosecutors should be required to first obtain a decision adverse to them and then appeal from that decision, raising the issue of PERC's jurisdiction. In support of its arguments, PERC relies on RCW 7.16.360, which states: "This chapter [certiorari, mandamus, and prohibition] does not apply to state agency action reviewable under chapter 34.05 RCW or to land use decisions of local jurisdictions reviewable under chapter 36.70C RCW."
The Deputy Prosecutors respond that reversing the trial court's issuance of the writ of prohibition and requiring them to exhaust administrative remedies would be futile because the case would eventually work its way back to this court. They argue that PERC's contention that it has the authority to determine its own jurisdiction was specifically rejected by this court in State ex rel. Graham v. Northshore Sch. Dist. No. 417, 99 Wash.2d 232, 662 P.2d 38 (1983) and Local 2916, IAFF v. Public Employment Relations Comm'n, 128 Wash.2d 375, 907 P.2d 1204 (1995). Lastly, the Deputy Prosecutors rely on the well established legal principle that a challenge to jurisdiction may be made at any time during the proceedings. See In re Saltis, 94 Wash.2d 889, 621 P.2d 716 (1980).
PERC's argument that the Deputy Prosecutors are required to advance through all the steps of the PERC administrative process prior to judicially challenging PERC's jurisdiction is not well taken.
We have held in cases dealing with the jurisdiction of PERC that exhaustion of administrative remedies is not required. In Local 2916, PERC sought judicial review of a lower court's decision that PERC did not have jurisdiction to hear complaints filed by union members against their union. We affirmed the trial court, stating "[d]etermining the extent of that authority [of PERC] is a question of law, which is a power ultimately vested in this court." Local 2916, 128 Wash.2d at 379, 907 P.2d 1204. See also Zylstra v. Piva, 85 Wash.2d 743, 745, 539 P.2d 823 (1975) ("failure to exhaust remedies under the bargaining act ... does not bar [plaintiffs'] access to the courts.... [R]emedies prescribed by [bargaining act or contract] would have been futile where the controversy centers on the applicability of the act[.]").[4]
More illustrative of the issue is our decision in Washington State Bar Ass'n v. State, 125 Wash.2d 901, 890 P.2d 1047 (1995). In that case, the Bar Association sought a writ of prohibition from this court preventing PERC from exercising jurisdiction over a labor dispute between the Bar Association and its employees. State Bar Ass'n, 125 Wash.2d at 906, 890 P.2d 1047. The Bar Association did not exhaust administrative remedies with PERC prior to challenging PERC's jurisdiction nor did we require it to do so. It would be manifestly unfair of this court to now require the Deputy Prosecutors to expend the time and financial resources necessary to trek through PERC administrative proceedings prior to seeking judicial relief, while not requiring the same of others.
Because this case involves PERC's jurisdiction, we hold the Deputy Prosecutors are not required to exhaust PERC administrative remedies prior to seeking relief from this court. We, therefore, address the merits of the jurisdiction issue raised.

Statutory Definition of "Employee"
PERC asserts the trial court erred in concluding the Deputy Prosecutors are exempt from the Act and, thus, are excluded from PERC jurisdiction. The Act applies to:
any county or municipal corporation, or any political subdivision of the state of Washington, including district courts and superior courts, except as otherwise provided.... The Washington state patrol shall be considered a public employer of state patrol officers appointed under RCW *310 43.43.020. The Washington state bar association shall be considered a public employer of its employees.
RCW 41.56.020.
In State Bar Ass'n, we held that portion of RCW 41.56.020 declaring the Bar Association to be a "public employer" was unconstitutional because it conflicted with a court rule, violating the separation of powers doctrine. State Bar Ass'n, 125 Wash.2d at 902, 890 P.2d 1047.
Critical to the analysis and outcome of this issue is the specific language of RCW 41.56.030, the statute defining the term "public employee," and RCW 36.27.040, the statute providing authority to an elected prosecutor to appoint deputies. RCW 41.56.030(2)(b) provides an exception to the definition of "public employee," stating that a "public employee" is "any employee of a public employer except any person ... (b) appointed to office pursuant to statute, ordinance or resolution for a specified term of office by the executive head or body of the public employer[.]" (Emphasis added). If the Deputy Prosecutors are not public employees, then the Act would have no application to them.
PERC argues the Deputy Prosecutors included in the bargaining unit do not fall within the exception in RCW 41.56.030(2)(b) because "[t]hey [deputy prosecutors] are not appointed for specified terms." Opening Br. of Appellants (PERC) at 31. PERC further asserts that exempting the Deputy Prosecutors would result in other public employees who are currently covered by collective bargaining agreements also being excluded from the coverage of the Act. That, according to PERC, would be "absurd" and "totally at odds with the purpose of enacting the statute [RCW 41.56]." Id. at 33.
The Deputy Prosecutors assert they are appointed to office pursuant to statute, ordinance or resolution, specifically RCW 36.27.040, which provides authority for the elected prosecuting attorney to appoint deputies. RCW 36.27.040 states, in pertinent part:
The prosecuting attorney may appoint one or more deputies who shall have the same power in all respects as their principal. Each appointment shall be in writing, signed by the prosecuting attorney, and filed in the county auditor's office.... The prosecuting attorney shall be responsible for the acts of his deputies and may revoke appointments at will.
The Deputy Prosecutors assert that because the Legislature "spelled out" that they serve "at will" and are to be "appointed," rather than simply employed, the Legislature intended to include them within the exception in RCW 41.56.030(2)(b).
Amicus Washington Association of Prosecuting Attorneys (WAPA) agrees with the Deputy Prosecutors and asserts "deputy prosecutors are appointed for definite terms of office which coincide with the term of the officer granting the authority, subject to the prosecutor's ability to shorten the term at will." Br. of Amicus Curiae (WAPA) at 10.
Deputy prosecutors are undeniably appointed. RCW 36.27.040. The issue is whether they are appointed for a "specified term of office." We hold that they are.
Deputy prosecutors are appointed for specified terms of office because their terms coincide with the elected prosecutor's term. Unless a deputy's appointment is revoked, the term of office for a deputy prosecutor ends when the term of the elected prosecutor ends. Once hired, deputy prosecutors are not entitled to remain deputy prosecutors should a new prosecutor become elected.
We addressed a similar issue in State ex rel. Day v. King County, 50 Wash.2d 427, 312 P.2d 637 (1957). That case involved a mandamus proceeding to compel a newly elected King County sheriff to appoint the plaintiffs as deputies. Similar to RCW 36.27.040, which provides elected prosecutors with authority to appoint deputies, a statute authorized county sheriffs to appoint deputies and revoke such appointments at will. We stated in plain and intelligible language that "[t]he term of a deputy sheriff expires with the term of the sheriff who appointed him." State ex rel. Day, 50 Wash.2d at 428 n. 1, 312 P.2d 637 (emphasis added). We find State ex rel. Day instructive on the issue.
*311 Once a prosecutor is elected, he or she has the authority to "clean house" and appoint an entire new staff of deputies. That ability is an integral facet and function of the prosecutor's office. Elected prosecutors, in order to efficiently and effectively carry out the auspices of their offices, must have confidence in their deputies. In that regard, a deputy prosecutor's appointment terminates at the end of the term of the elected prosecutor. RCW 36.27.040 specifically gives that power to elected prosecutors. Were that not the case, newly elected prosecutors would not and could not restaff their offices.
The argument that the Deputy Prosecutors are not appointed for a specified term of office because (1) their appointments are "at will" and may be revoked at any time, and (2) they may continue in their positions as deputies after a new prosecutor is elected is unpersuasive and hypertechnical. It is not argued, nor could it be argued, that elected prosecutors are not elected for specified terms of office. Similar to the at will nature of a deputy prosecutor's employment, the term of an elected official may be cut short by recall. As to the second point, reelection to another term allows an elected official to continue in his or her office after the prior term has expired. Elected prosecutors, however, are clearly elected for a specified term of office. The similarities between the tenure of an elected prosecutor and the deputy prosecutor appointed by the elected prosecutor establish why the above arguments fail.
The term of office for a deputy prosecutor appointed under RCW 36.27.040 coincides with the term of the elected prosecutor and is, thus, a "specified term of office." As such, the Deputy Prosecutors fit the exception found in RCW 41.56.030(2)(b), are not "public employees," and the Act does not apply.

CONCLUSION
We affirm the trial court's issuance of a writ of prohibition to PERC, preventing it from exercising jurisdiction over the Deputy Prosecutors. We do so because the Deputy Prosecutors fall within the statutory exemption found in the definition of "public employee" under RCW 41.56.030(2)(b). Because we determine the Deputy Prosecutors qualify under the statutory exception in RCW 41.56.030(2)(b), we decline to address the Deputy Prosecutors' arguments under RCW 41.56.030(2)(c) and the separation of powers doctrine.
Affirmed.
DOLLIVER, SMITH, GUY and SANDERS, JJ., concur.
DURHAM, Chief Justice (dissenting).
I agree with Justice Alexander Talmadge that, on the merits, deputy prosecutors are public employees who do not fall within the exception for employees appointed for "a specified term of office." Accordingly, the Public Employment Relations Commission (PERC) does have jurisdiction over the deputy prosecutors. As to the threshold issues in this case, I also agree with Justice Talmadge that the court had no authority to issue a writ of prohibition under RCW 7.16.360. However, I agree with the majority that the trial court did not abuse its discretion in denying the Union's motion to intervene. I write separately to take issue with the majority's assertion that "[w]e have held in cases dealing with the jurisdiction of PERC that exhaustion of administrative remedies is not required." Majority at 309. I fail to see any such holding articulated in any of the cases upon which the majority relies.
The majority reasons that PERC may not consider questions of jurisdiction because the power to determine agency jurisdiction is ultimately vested in this court. Majority at 309 (citing Local 2916, IAFF v. Public Employment Relations Comm'n, 128 Wash.2d 375, 379, 907 P.2d 1204 (1995)). Yet, the court's role as the ultimate arbiter of the scope of agency authority only reinforces the notion that PERC should make the initial determination. The Administrative Procedure Act, RCW 34.05(APA), expressly contemplates that judicial review may be sought to resolve questions of agency jurisdiction. RCW 34.05.570(3)(b). Indeed, in Local 2916 the jurisdictional challenges were first brought before PERC hearing examiners, upheld by PERC on review, and appealed to the superior court before ultimate resolution *312 by this court. Local 2916, 128 Wash.2d at 378-79, 907 P.2d 1204. I am unable to follow the majority's reasoning that a case in which administrative remedies were exhausted somehow stands for the proposition that failure to exhaust is not required.
The majority also erroneously relies on Zylstra v. Piva, 85 Wash.2d 743, 539 P.2d 823 (1975). In Zylstra, juvenile court employees challenged the applicability of the Public Employees' Collective Bargaining Act, RCW 41.56. The court held that the plaintiffs' failure to exhaust administrative remedies under the act did not bar their access to the courts because remedies available under the act would be futile. Zylstra, 85 Wash.2d at 745, 539 P.2d 823. The APA expressly excuses the exhaustion requirement where exhaustion would be futile. RCW 34.05.534(3)(b). However, the majority does not discuss, let alone demonstrate, such futility here. Therefore, its reliance on Zylstra is misplaced.
Lastly, the majority cites to Washington State Bar Ass'n v. State, 125 Wash.2d 901, 890 P.2d 1047 (1995) in which we considered a challenge to PERC jurisdiction which was brought directly before this court. At no point does that opinion address exhaustion. It is quite a leap to suggest that this court's failure to raise the issue sua sponte is tantamount to a "holding" on the matter.
We have never held that exhaustion of administrative remedies may be excused for challenges to PERC jurisdiction. In fact, the APA resolves the exhaustion question in this case. RCW 34.05.510 provides that, subject to exceptions not applicable here, chapter 34.05 "establishes the exclusive means of judicial review of agency action...." According to RCW 34.05.534, "[a] person may file a petition for judicial review under this chapter only after exhausting all administrative remedies...." Challenges to PERC jurisdiction are not among the few exemptions to this requirement. See id. Unless and until the majority is able to demonstrate the applicability of one of the statutory exceptions to the exhaustion requirement, we should not entertain the challenge to PERC's exercise of jurisdiction in this matter.
ALEXANDER, Justice (dissenting).
Although I agree with the majority that the trial court did not err in denying the Union's motion to intervene and in refusing to require the deputy prosecutors to exhaust administrative remedies, I disagree with its more significant conclusion that deputy prosecutors are exempt from the Public Employees' Collective Bargaining Act (Act).
As the majority points out, the central issue before us is whether deputy prosecutors fall within the exception to the definition of public employees as persons "(b) appointed to office pursuant to statute, ordinance or resolution for a specified term of office by the executive head or body of the public employer." RCW 41.56.030(2)(b). If they do not fall within it, the majority concedes, the Act applies to them.
In holding that the deputy prosecutors fall within the exception, the majority relies on RCW 36.27.040, which is the statute that authorizes the elected prosecuting attorney to appoint deputies. It provides:
The prosecuting attorney may appoint one or more deputies who shall have the same power in all respects as their principal. Each appointment shall be in writing, signed by the prosecuting attorney, and filed in the county auditor's office.... The prosecuting attorney shall be responsible for the acts of his deputies and may revoke appointments at will.
Despite the language that a prosecutor may revoke the appointment of a deputy "at will," the majority makes a major leap to a conclusion that deputies are appointed for a "`specified term of office.'" Majority op. at 310. What, I ask, is the specified term of office of a person who serves entirely at the pleasure of the appointing authorityis it one day or the entire term of office of the appointing authority? The answer to the question is that it depends on the judgment of the appointing person. The employment relationship, in short, is a classic at will employment relationship and cannot by any stretch be considered employment for the "specified term of office" referred to in RCW 41.56.030(2)(b).
*313 It is readily apparent that the exception does not include deputy prosecutors and was meant, instead, to apply to persons who are appointed to boards or commissions by the executive head or body of a public employer. This would include, for example, persons appointed as regents of our state's universities (see RCW 28B.20.100 which provides for six-year terms for regents of the University of Washington) or persons appointed to six-year terms on the Fish and Wildlife, Transportation or Gambling Commissions. RCW 77.04.030, RCW 47.01.051 and RCW 9.46.040. It was not, in my view, meant to apply to at will employees of an executive head of a public employer. While there may be good public policy reasons why such persons should be exempt from the jurisdiction of PERC, that is for the Legislature to decide, not this court. Because the Legislature has clearly provided that deputy prosecutors do not fall under the exemption in question, we must respect its judgment. I, therefore, dissent.
MADSEN, J., concurs.
TALMADGE, Justice (dissenting).
I agree with Justice Alexander's excellent analysis of the employment status of the deputy prosecutors in his dissenting opinion; they are classically at-will employees of the Spokane County Prosecutor during the Prosecutor's term of office. The deputies are subject to the jurisdiction of the Public Employment Relations Commission (PERC).
I dissent as well, but separately to indicate I disagree with the majority opinion regarding the questions of the Union's motion to intervene and the exhaustion of administrative remedies question.
First, with respect to intervention, the Union here was entitled to intervene. Plainly, the Union that has long represented the deputy prosecutors has a significant interest in the outcome of the principal litigation involving PERC jurisdiction. While PERC was represented with considerable skill by the Office of the Attorney General, the Union had a direct interest in the outcome of the case with a distinct historical and present perspective on the jurisdictional controversy that would have been of assistance to the trial court in this matter.
We have liberally construed the right to intervene under CR 24. In Dioxin/Organochlorine Ctr. v. Department of Ecology, 119 Wash.2d 761, 837 P.2d 1007 (1992), we held a trade association could intervene as a matter of right under CR 24 to represent the interests of its members, stating:
At issue here is whether NWPPA [Northwest Pulp and Paper Association] has a legally protected interest in the subject of this action. NWPPA is a nonprofit trade association representing pulp, paper, and pulping chemical industries in Washington and other Northwest states. Because the mills whose permits are being challenged are members of NWPPA, the association contends that the trial court properly allowed it to intervene in order to protect its members' rights. In argument before this court, counsel for NWPPA stated that all the holders of the challenged permits were members of the association. This is a sufficient basis for allowing intervention by the association.
Dioxin/Organochlorine Ctr., 119 Wash.2d at 779, 837 P.2d 1007 (footnotes omitted). I can discern no principled distinction between allowing a trade association to intervene as a matter of right to represent the interests of its members and allowing a union to intervene as a matter of right to represent the interests of its members in an administrative proceeding. I would hold the trial court abused its discretion in denying the Union the opportunity to intervene in this action.
With respect to the second issue, the majority holds the trial court had authority to issue a writ of prohibition in this case notwithstanding the statutory requirement that parties pursue review pursuant to Washington's Administrative Procedure Act (APA), RCW 34.05.
The majority acknowledges, but then ignores, the specific direction of RCW 7.16.360 which states:
This chapter[[1]] does not apply to state agency action reviewable under chapter *314 34.05 RCW or to land use decisions of local jurisdictions reviewable under chapter 36.70C RCW.
Plainly, the Legislature indicated that special statutory proceedings for writs of certiorari, mandamus, or prohibition were foreclosed where judicial review existed pursuant to the APA, RCW 34.05. The majority recites a number of cases that essentially ignored the statute. To the extent those cases failed to give effect to RCW 7.16.360, they were wrongly decided. We simply cannot ignore the unambiguous jurisdictional directive of the Legislature.
The majority's treatment of the writ of prohibition continues our unfortunate trends[2] to convert the ancient common law writs of mandamus, certiorari, and prohibition, employed historically only in those rare circumstances in which there was no adequate remedy at law, into a roving charter to obtrude even when the Legislature has specifically said we have no jurisdiction. In this case, we are dealing with the statutory writ, not the constitutional writ. While we make the rules as to when a constitutional writ lies, we have absolutely no authority to scorn the Legislature's determination of who may sue out a statutory writ of prohibition. I cannot understand or join the majority's willingness to flout the law, no matter how many times we may have done so in the past.
RCW 7.16.360 is controlling and entirely dispositive. The writ of prohibition in this case did not lie because it could not lie. We are not free to disregard the Legislature's direction on such a subject, absent a determination the statute is inapplicable or unconstitutional. The majority has made neither determination with respect to RCW 7.16.360. I would hold the trial court was without statutory authority to issue the writ of prohibition in this case.
In summary, I believe the Union has stated an adequate basis for intervention under CR 24. I further believe the writ of prohibition did not lie in light of the specific statutory direction of RCW 7.16.360 requiring the parties challenging state agency actions to pursue their remedies through the APA. If we get to the merits of the controversy, however, I agree wholeheartedly with Justice Alexander's analysis that the deputy prosecutors here were at-will employees of the Spokane County Prosecutor so that PERC had jurisdiction over this labor controversy.
NOTES
[1] CR 24(a)(2) provides a party with intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
[2] CR 24(b)(2) provides that anyone is entitled to permissive intervention "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common."
[3] The arguments presented by the Union on this issue are the same as those it presents in Spokane County v. State, 136 Wash.2d 663, 966 P.2d 314 (1998) (District Court Judges), the companion case to this case.
[4] It has been asserted that Zylstra is inapplicable because the Administrative Procedure Act was not then in existence. As we noted in our opinion, however, RCW 41.56, at that time, contained administrative remedies significantly similar to those now provided by the APA. See RCW 41.56.125, .160, .165.
[1] RCW 7.16 relates to certiorari, mandamus, and prohibition.
[2] See Saldin Sec., Inc. v. Snohomish County, 134 Wash.2d 288, 949 P.2d 370 (1998) (constitutional writ).