966 P.2d 314 (1998)
136 Wash.2d 663
SPOKANE COUNTY, a Municipal Corporation, Daniel Maggs, as Presiding Judge of Spokane County District Court and the District Court Judges of Spokane County, Respondents,
v.
The STATE of Washington, The Public Employment Relations Commission, an agency of the executive branch of the State of Washington; and Marvin Schurke, a state officer in his capacity as Executive Director of PERC, Janet L. Gaunt, a state officer in her capacity as Chairperson of PERC; Dustin C. Mccready, a state officer in his capacity as a member of PERC, and Sam Kinville, a state officer in his capacity as a member of PERC, Appellants.
No. 64796-8.
Supreme Court of Washington, En Banc.
Argued February 25, 1998.
Decided October 22, 1998.
As Amended on Denial of Reconsideration December 23, 1998.
*315 Stafford, Frey & Cooper, Anne M. Bremner, Stephen P. Larson, Tera H. Schreiber, Seattle, Amicus Curiae on Behalf of Washington State District and Municipal.
Christine Gregoire, Attorney General, Spencer Daniels, Asst., Olympia, Powell & Morris, William Powell, Spokane, for Appellant.
Frank Conklin, William Hyslop, Terry Sublette, Spokane, Candy Heaverlo, Ellensburg, Jim Sweetser, Spokane County Prosecutor, Martin Muench, Kathryn Lee, Deputies, James Emacio, Spokane, for Respondent.
JOHNSON, Justice.
This is the companion case to Spokane County ex rel. County Comm'rs v. State, 136 Wash.2d 644, 966 P.2d 305 (1998) (Deputy Prosecutors). Like Deputy Prosecutors, this case involves application of the Public Employees' Collective Bargaining Act, RCW 41.56(Act). As to the first two issues in this case, we hold the Spokane County District Court judges (District Court Judges) are not required, as a matter of law, to exhaust administrative remedies prior to seeking judicial relief and that the Washington State Council of County and City Employees (Union) is not entitled to intervention of right or permissive intervention. See Spokane County ex rel. County Comm'rs v. State, 136 Wash.2d 644, 966 P.2d 305.
The issue we address in this case is whether the Legislature violated the separation of powers doctrine in amending the Act to apply to district courts. The Superior Court held the Act violated the separation of powers doctrine. The Public Employment Relations Commission (PERC) appealed that decision. We reverse.

FACTS
On December 14, 1995, the Union filed a complaint with PERC alleging the Spokane *316 County Commissioners and the District Court Judges committed certain unfair labor practices in violation of the Act. PERC began to process the complaints according to its usual procedures. Before a decision from PERC on any of the complaints, Spokane County and the District Court Judges filed a petition against state officers with this court, seeking (1) a declaratory ruling that RCW 41.56, as applied to the courts of this state, is unconstitutional, and (2) a writ of prohibition directed to PERC to prevent it from exercising jurisdiction over this matter.
In essence, the District Court Judges facially challenged the Act on separation of powers grounds. The case was transferred from this court to the Spokane County Superior Court. There, the Union filed a motion to intervene. The trial court denied the Union's motion to intervene and the District Court Judges moved for summary judgment. That motion was granted. PERC now appeals from the Superior Court's order of summary judgment.

ANALYSIS
The central issue in this case requires us to decide whether the Act violates the separation of powers doctrine and, thus, whether PERC, an executive branch agency, can validly exercise jurisdiction to initially resolve disputes concerning the collective bargaining process between the Union and the District Court Judges. The Act provides "a uniform basis for implementing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers." RCW 41.56.010. The focus of our analysis, however, is application of the Act to the district and superior courts. Specifically, RCW 41.56.020 provides, in part, that the Act "shall apply to ... any political subdivision of the state of Washington, including district courts and superior courts...." RCW 41.56.030 further clarifies the Legislature's intent to subject the district courts and superior courts to the Act. It defines "public employer," in part, as:
[T]he public employer of district court or superior court employees for wage-related matters is the respective county legislative authority, or person or body acting on behalf of the legislative authority, and the public employer for nonwage-related matters is the judge or judge's designee of the respective district court or superior court.[[1]]
The District Court Judges' essential argument is that because they are a separate branch of government, court employees cannot be designated as public employees. They further contend that the Act violates the separation of powers doctrine by making them "public employers" as that term is defined in the Act. The District Court Judges misinterpret the separation of powers doctrine.
The division of our state government into three separate but coequal branches has been "presumed throughout our state's history to give rise to a vital separation of powers doctrine." Carrick v. Locke, 125 Wash.2d 129, 135, 882 P.2d 173 (1994) (citing In re Salary of Juvenile Dir., 87 Wash.2d 232, 238-40, 552 P.2d 163 (1976)). Our state constitution contains separate provisions establishing the Legislative Department (Article II), the Executive (Article III), and the Judiciary (Article IV) and, as such, provides for this separation of functions.
In Carrick, we reiterated the fundamental principles of the separation of powers doctrine and detailed the analysis for determining when the doctrine might be violated. While we stated the primary purpose behind the doctrine is "to ensure that the fundamental functions of each branch remain inviolate," we also stated the doctrine does not require the three branches to be "hermetically sealed off from one another." Carrick, 125 Wash.2d at 135, 882 P.2d 173 (emphasis added). In setting out the analysis to be applied in cases where a separation of powers violation is alleged, we relied on Zylstra v. Piva, 85 Wash.2d 743, 539 P.2d 823 (1975), the seminal case analyzing the judicial branch and its control over its employees. We stated, "[t]he question to be asked is not whether two branches of government engage *317 in coinciding activities, but rather whether the activity of one branch threatens the independence or integrity or invades the prerogatives of another." Carrick, 125 Wash.2d at 135, 882 P.2d 173 (citing Zylstra, 85 Wash.2d at 750, 539 P.2d 823) (emphasis added).
The importance of judicial independence and the need for the judiciary, as well as the other two branches, to maintain effective control over their respective affairs cannot be overstated. As we recognized in Zylstra, the judiciary has, on appropriate occasions, declined to intrude upon the integral functions of the legislative and executive branches. Zylstra, 85 Wash.2d at 754, 539 P.2d 823 (Utter, J., concurring). Likewise, we have required that the other branches of government keep distant from the inherent functions of the judicial branch. See City of Tacoma v. O'Brien, 85 Wash.2d 266, 534 P.2d 114 (1975).
The District Court Judges argue they are members of the judicial branch of state government under article IV, section 1 of the Washington Constitution[2] and, as such, PERC "cannot be delegated constitutional authority over members of the judiciary" because it is an executive branch agency. Br. of Resp'ts at 21.
The District Court Judges do not argue, nor could they argue, that the provision of the Act providing PERC jurisdiction over wage related issues as being within the ambit of the county legislative authority violates separation of powers. Nor can the District Court Judges argue these employees are not "public employees" and Union members for purposes of negotiating with the Spokane County over wage related issues. The District Court Judges do not contest the validity of the collective bargaining agreement entered into between Spokane County and the employees with respect to wage related items, nor can they credibly maintain that the statutory requirement that they bargain and enter into a collective bargaining agreement, by itself, is a violation of the separation of powers.[3]
The District Court Judges, however, rely on Washington State Bar Ass'n v. State, 125 Wash.2d 901, 890 P.2d 1047 (1995), where we struck down that portion of the Act declaring the Bar Association to be a public employer of its employees because it violated the separation of powers doctrine. The District Court Judges assert "[i]f the Legislature cannot constitutionally require the labor relations of the Bar Association to be subjected to the jurisdiction of PERC, a fortiori the Legislature cannot constitutionally order the labor decisions of the members of the judiciary to be subjected to PERC." Br. of Resp'ts at 28. This is a misreading of our holding.
In State Bar Ass'n, the legislation in question "directly and unavoidably" conflicted with a court rule which this court adopted and which governed Bar Association powers and responsibilities. State Bar Ass'n, 125 Wash.2d at 906, 890 P.2d 1047. In such a case, our extensive common law history dictates that the court rule will prevail if it cannot be harmonized with the statute. State Bar Ass'n, 125 Wash.2d at 909, 890 P.2d 1047 (citing In re Application of Levy, 23 Wash.2d 607, 161 P.2d 651 (1945); In re Chi-Dooh Li, 79 Wash.2d 561, 488 P.2d 259 (1971)). The District Court Judges have not directed us to, nor can we find any, court rule which conflicts with the questioned provisions of the Act.
The issue brought to light in this case is more analogous to our decision in Gogerty v. Department of Institutions, 71 Wash.2d 1, 426 P.2d 476 (1967). There, the argument was made that the executive branch was invaded by the legislative branch by the enactment of the state civil service law, RCW 41.06. In Gogerty, an employee of the Department of Institutions was dismissed from his position as a "cottage parent" at a state facility for delinquent boys. He appealed to the State Personnel Board, which sustained *318 the dismissal. The aggrieved employee then appealed to the superior court, which reversed the dismissal. We reversed the trial court's decision and remanded for further proceedings. In so holding, we stated:
[I]t is clearly and fairly within the legislative power to enact, without trenching upon the executive branch of government, appropriate statutory provisions regulating the mode and manner of appointment and tenure in public employment.... [I]t is equally true that, in ordinary contemplation, personnel policy and management ... is essentially an administrative or executive function rather than a function historically or traditionally resting with the judicial branch of government.
Gogerty, 71 Wash.2d at 5, 426 P.2d 476 (citations omitted).
This reasoning is directly applicable in the context of the issue we face here. Namely, certain statutory provisions regulate specific aspects of employment in the public sector that do not affect those functions traditionally found within the judicial branch. As we determined in Gogerty, such a situation does not intrude upon or threaten the independence or integrity of the other branches. The District Court Judges have not, in our opinion, shown that the circumstances here are significantly different from those in Gogerty.
Given that the district court is a part of the judicial branch and, as such, has the power to maintain control over the inherent functions of its operation, we cannot conclude that the statutory scheme of the Act violates the separation of powers doctrine, per se. Under the Act, the district court, not another branch, retains the power to collectively bargain and contract over working conditions. Therefore, it is difficult to determine how this threatens the "independence or integrity" or invades the prerogatives of the district court when the Act specifically gives the District Court Judges the power and authority to bargain.
In this case, the record indicates that for the past several years, the District Court Judges and employees of the district court have collectively bargained with the Union. The District Court Judges have not argued nor have they shown how any specific provisions of the collective bargaining agreement threaten or invade the essential functions of the district court. The record does not include any evidence of the grievances filed with PERC and the District Court Judges have not shown how a PERC decision on any specific grievance would violate the separation of powers doctrine. The District Court Judges' main complaint seems to be that they do not want to bargain or resolve these disputes with their employees through the established procedures under the Act. This is not enough. Until the District Court Judges can show that a specific provision of the collective bargaining agreement or a decision from PERC threatens the independence or integrity of the judiciary, there is no separation of powers violation. See Zylstra, 85 Wash.2d at 749, 539 P.2d 823 ("a legislatively created bargaining scheme does not and cannot interfere with the ultimate power of the judiciary to administer its own affairs. Until and unless such a scheme interferes with the court's functioning, no separation-of-powers problem exists").
The fact that an administrative forum to resolve employment disputes in the judicial branch of government exists is not unique to PERC. Other administrative laws, such as the Industrial Insurance Act ( RCW Title 51), the Employment Security Act (RCW Title 50), Washington Minimum Wage Act (RCW 49.46), and the state's law against discrimination (RCW 49.60) apply to the judicial branch and are administered by the executive branch. The judicial branch is subject to these other laws even though they are administered by the executive branch. However, if the argument offered by the District Court Judges was taken to its logical conclusion, the district court would be exempt from these laws instead of subject to them.
PERC neither hires or fires employees of the district court. It does not directly determine salaries of district court employees or the conditions of their employment. This is not a function of the judicial branch of government. Instead, it is a function of PERC's own administrative charge. See Circuit Court v. AFSCME Local 502-A, 295 Or. 542, 548-49, 669 P.2d 314 (1983).
*319 The separation of powers doctrine allows for some interplay between the branches of government. Any usurpation of the inherent function of the judiciary has not been established on the record before us. The judiciary retains the inherent power of judicial review of PERC decisions. That authority provides a sufficient safety net to address any separation of powers concerns. Thus, the judicial branch retains, by process of judicial review, the final authority to pass on separation of powers issues. Public Employment Relations Comm'n v. City of Kennewick, 99 Wash.2d 832, 838-42, 664 P.2d 1240 (1983); RCW 34.05.570.
Our system of government is purposely designed so that control does not rest with one branch only. However, each branch must also work with the others to effectively function. That is the very nature of a checks and balances system. In State Bar Ass'n, we specifically recognized this idea, although we found the legislation to be unconstitutional. In that regard, we stated, "it is sometimes possible to have an overlap of responsibility in governing the administrative aspects of court-related functions." State Bar Ass'n, 125 Wash.2d at 908, 890 P.2d 1047 (citing Zylstra, 85 Wash.2d at 754, 539 P.2d 823 (Utter, J., concurring); Carrick, 125 Wash.2d at 134-36, 882 P.2d 173). This case, in its present posture, exemplifies the overlap we alluded to in Washington State Bar Ass'n v. State, 125 Wash.2d 901, 890 P.2d 1047 (1995).
Reversed.
DOLLIVER, SMITH, GUY, MADSEN and ALEXANDER, JJ., concur.
DURHAM, Chief Justice, concurring.
I agree with Justice Johnson that no separation of powers problem is presented here. I write separately to note that, while I agree with the majority that the trial court properly denied the Union's motion to intervene, I disagree with the majority's holding that the district court judges are not required to exhaust administrative remedies before seeking judicial relief. See Spokane County ex rel. County Comm'rs v. State, 136 Wash.2d 644, 966 P.2d 305 (Durham, C.J., dissenting).
TALMADGE, Justice, concurring.
I write separately only because I would resolve the issues of exhaustion of administrative remedies and Union intervention differently from the majority. See Spokane County ex rel. County Comm'rs v. State, 136 Wash.2d 644, 966 P.2d 305 (Talmadge, J., dissenting).
On the principal issue of PERC jurisdiction, I agree entirely with the erudite separation of powers analysis by Justice Johnson, and I would reverse the trial court.
SANDERS, Justice, dissenting.
The dispositive issue is whether the legislature's amendment to RCW 41.56, which places employment at the district courts under the control of an executive agencythe Public Employment Relations Commission (PERC)violates the separation of powers doctrine.
Washington Constitution article IV, section 1, exclusively vests the "judicial power" of the state in the courts, which is also to say the judicial power is not to be constitutionally shared with the legislature or executive. Such is an expression of the separation of powers doctrine to which we have long adhered. Carrick v. Locke, 125 Wash.2d 129, 134, 882 P.2d 173 (1994). The doctrine acknowledges three separate branches of government, each of which has individual integrity so as to guarantee the totality of governing power is not concentrated in singular hands. Id. at 134-35, 882 P.2d 173. The ultimate purpose to be advanced by this form of divided government is protection of individual liberty. Zylstra v. Piva, 85 Wash.2d 743, 752-53, 539 P.2d 823 (1975) (Utter, J., concurring) (citing Baron de Montesquieu, Spirit of the Laws (1748) and The Federalist No. 51, at 320-22 (New Am. Library ed. 1961) (J. Madison)). See also Island County v. State, 135 Wash.2d 141, 163-64, 955 P.2d 377 (1998) (Sanders, J., concurring).
*320 The separation of powers doctrine is thus violated when "the activity of one branch threatens the independence or integrity or invades the prerogatives of another." Carrick, 125 Wash.2d at 135, 882 P.2d 173 (quoting Zylstra, 85 Wash.2d at 750, 539 P.2d 823). Therefore the question today is whether the legislature has threatened the institutional integrity of the judiciary by placing control of district court personnel directly under the executive. The learned trial judge in this case saw such was indeed the specter. See Clerk's Papers at 299 (Judge Richard Miller's Memorandum Decision (12/9/96)) ("Clearly, working conditions, hiring and firing and other related matters, are encompassed in the inherent power of the Courts to administer their own affairs and any attempt by the legislature to circumvent that authority invokes the separation of powers doctrine and is null and void.").
Our prior rulings enlighten the analysis. In Zylstra we considered whether RCW 41.56, the same statute today in point, applied to juvenile court employees. We addressed the constitutional concerns of separation of powers, noting the judiciary must maintain its ability "to keep its own house in order," Zylstra, 85 Wash.2d at 748, 539 P.2d 823, and held RCW 41.56 applies to court employees only as to wages, not to all other matters including hiring and firing. Zylstra, 85 Wash.2d 743, 539 P.2d 823. We expressly held:
In conclusion, we accordingly find that those portions of the collective bargaining agreement here involved which are wage related are permissible, and those portions relating to other than wages and direct wage-related benefits are ultra vires and void.
Zylstra, 85 Wash.2d at 750, 539 P.2d 823.[1] While Zylstra addressed the juvenile courts, and not the district courts as does this case, such is an insufficient ground upon which to erase the clear line drawn in Zylstra. Yet the majority would do just that.
Also instructive is Washington State Bar Ass'n v. State, 125 Wash.2d 901, 890 P.2d 1047 (1995). There the legislature amended RCW 41.56.020, the same statute at issue today, to apply to members of the bar. We invalidated the amendment because the judiciary, not the legislature, controls the bar, noting, "`The importance of the case before us is that it deals directly with one of the cardinal and fundamental principles of the American constitutional system, both state and federal: the separation of powers doctrine.'" Id. at 906, 890 P.2d 1047 (quoting Washington State Motorcycle Dealers Ass'n v. State, 111 Wash.2d 667, 674-75, 763 P.2d 442 (1988)). We elaborated by reiterating the fundamental rule that
a legislative enactment may not impair this court's functioning or encroach upon the power of the judiciary to administer its own affairs. The ultimate power to regulate court-related functions, including the administration of the Bar Association, belongs exclusively to this court[,]
concluding such unconstitutionally trenched upon that power reserved to the judiciary. Washington State Bar Ass'n, 125 Wash.2d at 908-09, 890 P.2d 1047. Notwithstanding the lengths undertaken by the majority to distinguish this case, it cannot: if the legislature cannot constitutionally regulate employment decisions of the bar, it certainly cannot supplant same from the courts.
Yet another instructive precedent is Massie v. Brown, 9 Wash.App. 601, 513 P.2d 1039 (1973), aff'd, 84 Wash.2d 490, 527 P.2d 476 (1974). There the court held application of the civil service laws to court personnel violates the separate power reserved to the judiciary. In no uncertain terms the Court of Appeals held, "The placement in the [executive] commission of control of the incidence of employment of personnel directly connected *321 with the operation of the municipal court is improper as an invasion of the independence of the judiciary. The doctrine of separation of powers applies." Id. at 602, 513 P.2d 1039.
These cases are not only persuasive but those decided by this court are precedent which must control today's result unless overruled. See In re Stranger Creek, 77 Wash.2d 649, 653, 466 P.2d 508 (1970) ("The doctrine [of stare decisis] requires a clear showing that an established rule is incorrect and harmful before it is abandoned.").
Were we to disregard our precedent and start afresh, the question would still remain whether those amendments to RCW 41.56 which endow PERC, an inferior executive agency, with control over the administration of the district courts, threaten the separate institutional integrity of the judiciary. By operation of law these statutory amendments surely divest the judicial branch of government control over many important aspects of court personnel employment. That this directly challenges the judiciary's constitutional prerogative to fulfill its mission cannot be gainsaid.
Nor are we discussing whether the judiciary must adhere to employment laws which pertain to health, safety, or minimum wage. Arguably such regulations do not divest the judiciary of that discretionary control over its own employees necessary to accomplish the judicial function. However, the statutory amendments at issue here are different in kind because they vest in the executive branch all important operative control over judicial employees.
These statutory amendments, as PERC construes them, are broad. For example one PERC decision announces that employees which serve "at the pleasure of the court" are not controlled by the court but rather by the city:
The term "court" .... must be construed in a broad sense that views the court as a division or department of the city which is its source of authority. Therefore the operative effect of employees serving "at the pleasure of the court" vests authority over all employment related matters with the city's legislative body, the mayor and city council.
City of Centralia, PERC Dec. No. 3232 (June 22, 1989), reprinted in Wash. Pub. Employment Relations Rep., Vol. IX, at PD-3232-11 (7/89). When the hiring and firing of at-will employees of the court are no longer under the court's control, the means to accomplish the judicial end is removed from judicial hands and placed in the executive.
Such loss of control attendant to RCW 41.56 amendments has already manifested itself concretely in, for example, control over court employee hours. District courts have determined the need to remain open at night and on weekends to protect the constitutional right to arraignment within 48 hours of arrest. However RCW 41.56 deprives the judiciary the discretionary power to do just that, as the inability of the parties to reach a mutually agreeable settlement through collective bargaining has resulted in a deadlock where the courts cannot require the employees to work past 5:00 p.m. Br. of Amicus Curiae Washington State Dist. & Mun. Judges Ass'n. at 13. The result is that the Spokane County District Court must hold night court without the assistance of clerks. Id. This cripples the hand which must guide a truly independent judiciary.
As the amendments to RCW 41.56 divest district courts from employee management, and grant same to the executive, the act unconstitutionally invades that power constitutionally reserved to the judiciary by the people. We betray the constitution, and the public which ratified it, when we fail to enforce it.
NOTES
[1] This definition mirrors our decision in Zylstra v. Piva, 85 Wash.2d 743, 539 P.2d 823 (1975).
[2] Wash. Const. art. IV, § 1 states, "The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide."
[3] Evidently, collective bargaining agreements for court employees have existed for many years in Spokane County and in many other counties.
[1] The legislature acknowledged this demarcation by explicitly enshrining the Zylstra holding in RCW 41.56.030(1) which provides:

"Public employer" means any officer, board, commission, council, or other person or body acting on behalf of any public body governed by this chapter, or any subdivision of such public body. For the purposes of this section, the public employer of district court or superior court employees for wage-related matters is the respective county legislative authority, or person or body acting on behalf of the legislative authority, and the public employer for nonwage-related matters is the judge or judge's designee of the respective district court or superior court.