[No. 73740-1. En Banc.]
Argued November 13, 2003. Decided March 18, 2004.

WASHINGTON STATE COUNCIL OF COUNTY AND CITY EMPLOYEES,
COUNCIL 2, ET AL., *Petitioners*, v. SUSAN HAHN, *as
Presiding Judge of the Yakima County
Superior Court*, ET AL., *Respondents*.

*William J. Powell* (of *Powell Kuznetz & Parker*), for petitioners.

*Ronald S. Zirkle, Prosecuting Attorney for Yakima County*, and *Martin F. Muench, Deputy*, for respondents.

ALEXANDER, C.J. — Washington State Council of County and City Employees, Council 2, AFSCME, AFL-CIO, and Locals 87 and 87P of Council 2 of the Washington State Council of County and City Employees seek a writ of mandamus from this court directed to Yakima County Superior Court Judge Susan Hahn and Yakima County District Court Judge Ruth Reukauf (Judges). If issued, the writ would require the Judges to engage in collective bargaining over the nonwage-related employment concerns of employees who are under the supervision of the courts. We hold that the remedy petitioners seek is not available because they possess an adequate remedy at law under the Public Employees' Collective Bargaining Act (PECBA), chapter 41.56 RCW. We, therefore, dismiss their petition.

I

Locals 87 and 87P are each certified under chapter 41-.56 RCW by the Washington State Department of Labor and Industries as exclusive collective bargaining agents for certain court employees. Statement of Stipulated Facts (SSF) at 2.[1] Local 87 is certified as the collective bargaining agent for employees in Yakima County Superior Court's juvenile department, which includes juvenile detention and probation staff who are under the supervision of the superior court. Local 87P is certified as the collective bargaining agent for employees of the Yakima County District Court. Collectively, Locals 87 and 87P (hereafter referred to as the "Unions") represent approximately 100 employees of these courts.

In the past, the Unions have entered into collective bargaining agreements with the Yakima County Board of

---

[1] The parties have filed a "statement of stipulated facts." Citations to the statement of stipulated facts shall be to "SSF."

Commissioners concerning wages, benefits, hours, and the working conditions of the employees covered by their certifications, including the employees of the aforementioned courts. However, when the Unions sought to negotiate with the commissioners for an agreement for 2003, the Yakima County Superior and District Courts informed them in writing that, pursuant to General Rule 29 of the Washington Court Rules (GR 29), "the hiring, firing, and discipline of employees is within the exclusive province of the judges." Answer of Resp'ts at Ex. A. The Judges were, therefore, "unwilling to bargain and . . . engage in contract negotiations over [nonwage-related] working conditions." SSF at 4.

The Unions then petitioned this court for a writ of mandamus directed to the Judges requiring them "to engage in collective bargaining with [the Unions] over nonwage related matters concerning all court-supervised employees in the certified bargaining units."[2] Application for Writ of Mandamus at 7. The Judges responded by asking this court to deny the writ of mandamus and, instead, issue a declaratory judgment holding that GR 29 vests the determination of working conditions exclusively with the presiding judge of each court. Pursuant to the Rules of Appellate Procedure 16.2(d), this court's commissioner determined that we should retain and decide the Unions' petition.

## II

■ Under the Washington State Constitution, the Supreme Court has original jurisdiction "in habeas corpus, and quo warranto and mandamus as to all state officers."[3] CONST. art. IV, § 4. The writ of mandamus exists "to compel

---

[2] The Unions also sought damages in their petition. However, they indicated at oral argument they were withdrawing this request.

[3] Superior court judges are state officers for purposes of article IV, section 4 of the Washington Constitution. *State ex rel. Edelstein v. Foley*, 6 Wn.2d 444, 448, 107 P.2d 901 (1940). Judge Reukauf contends that district court judges are not state officers. Because we decline to issue the writ of mandamus, we need not decide this issue.

the performance of an act which the law especially enjoins as a duty resulting from an office." RCW 7.16.160. "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." RCW 7.16.170. Thus, we will not grant a writ of mandamus if there is a plain, speedy, and adequate remedy at law. *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 559, 82 P. 877 (1905). We must, therefore, determine if the Unions had an adequate remedy at law before we can decide whether or not the writ should issue.

■ The PECBA provides a cause of action for unfair labor practices, an action that a party can file with either the Public Employment Relations Commission (PERC) or a superior court. *City of Yakima v. Int'l Ass'n of Fire Fighters*, 117 Wn.2d 655, 674-75, 818 P.2d 1076 (1991). The Judges contend that they are not subject to the PECBA, alleging that the act violates the separation of powers doctrine because it is in conflict with GR 29. The Unions respond that the PECBA does not conflict with GR 29.

■ The PECBA, which expressly applies to district and superior courts,[4] affords public employees the right to representation by a labor organization in employment-related matters. RCW 41.56.010. Under the PECBA, judges must bargain with court employees for nonwage-related matters, but the county legislative authority bargains with those employees for wage-related matters. RCW 41.56.030(1), .100.

GR 29(f), on which the Judges rely in support of their contention that they are not required to bargain with the Unions, notwithstanding the provisions of the PECBA, provides, in pertinent part, that "[t]he judicial and admin-istrative duties set forth in this rule cannot be delegated to persons in either the legislative or executive branches of government." The rule indicates, additionally, that one of the duties of a presiding judge is to "[s]upervise the daily

---

[4] RCW 41.56.020 provides that "[t]his chapter shall apply to any county or municipal corporation, or any political subdivision of the state of Washington, including district courts and superior courts."

operation of the court including: (a) All personnel assigned to perform court functions; and (b) All personnel employed under the judicial branch of government including but not limited to working conditions, hiring, discipline, and termination decisions except wages, or benefits directly related to wages." GR 29(f)(5).

The commentary to GR 29(f) states, in pertinent part, that "[t]he trial courts must maintain control of the working conditions for their employees. For some courts this includes control over some wage-related benefits such as vacation time. While the executive branch maintains control of wage issues, the courts must assert their control in all other areas of employee relations."

Before this court adopted GR 29, we had determined that the PECBA's applicability to district court judges, did not, on its face, violate the separation of powers doctrine. *Spokane County v. State*, 136 Wn.2d 663, 665, 966 P.2d 314 (1998). In reaching this conclusion, we reasoned:

> Given that the district court is a part of the judicial branch and, as such, has the power to maintain control over the inherent functions of its operation, we cannot conclude that the statutory scheme of the Act violates the separation of powers doctrine, per se. Under the Act, the district court, not another branch, retains the power to collectively bargain and contract over working conditions. Therefore, it is difficult to determine how this threatens the "independence or integrity" or invades the prerogatives of the district court when the Act specifically gives the District Court Judges the power and authority to bargain.

*Id*. at 670. We did not, of course, discuss GR 29 in *Spokane County* because that rule was not adopted until 2002. The issue is thus-presented: Does GR 29 conflict with the PECBA, and thereby, trump the provisions of the PECBA requiring collective bargaining?

■ ■ In addressing this question, we recognize that "[h]armonious cooperation among the three branches is fundamental to our system of government." *Zylstra v. Piva*, 85 Wn.2d 743, 750, 539 P.2d 823 (1975). Specifically, the

responsibility over the administrative aspects of court-related functions is shared between the legislative and judicial branches. *Wash. State Bar Ass'n v. State*, 125 Wn.2d 901, 908, 890 P.2d 1047 (1995). Therefore, "[w]here a court rule and a statute conflict, we will attempt to read the two enactments in such a way that they can be harmonized." *Id.* at 909. However, when the court rule concerns a matter related to the court's inherent power and we are unable to harmonize the court rule and the statute, "the court rule will prevail." *Id.*

Our inability to harmonize a court rule with a statute occurs only when the statute directly and unavoidably conflicts with the court rule. In *State Bar Association*, we were asked to interpret a general court rule, GR 12, granting "the Bar Association's Board of Governors discretion to determine whether to collectively bargain with its employees." *Id.* After we adopted the general rule in question through our rule-making power, the legislature amended the PECBA to require the bar association to collectively bargain. We held that the amended statute was in direct conflict with the general court rule because "[o]nce this court has adopted a rule concerning a matter related to the exercise of its inherent power to control the bar, the Legislature may not thereafter reverse or override the court's rule." *Id.*

 The Judges argue, here, that the PECBA and GR 29 are in irreconcilable conflict because "[d]eferral of decisions involving supervision of employees to the PERC . . . would appear to contravene [subsection (f)] of GR 29." Br. of Resp'ts at 12. Unlike the circumstances in *State Bar Association*, the court's rule GR 29 is not in irreconcilable conflict with the PECBA. We say that because although GR 29(f)(5)(b) requires judges to "[s]*upervise* . . . [a]ll personnel employed under the judicial branch of government" (emphasis added), a requirement that the Judges collectively bargain with their employees does not eliminate or interfere with the court's ability to supervise its employees. Although GR 29 precludes judges from bargaining away their inherent

power to control the daily operation of the courts on which they serve, the mere requirement that judges engage in good faith collective bargaining does not, in our view, reduce their control over the working conditions of the courts' employees. We say that because the requirement that a party engage in good faith bargaining does not mean that the party must agree to all proposals that are submitted to it in the course of bargaining.

Just as in *Spokane County*, the separation of powers doctrine is not undermined by our decision because the PECBA allows judges to bargain about working conditions while retaining the ability to supervise their employees under the bargained conditions. By making certain that employees adhere to the rules adopted through collective bargaining, judges are supervising their employees and also satisfying GR 29.

Because the PECBA and GR 29 are not in irreconcilable conflict, the Judges are subject to the PECBA, and the PECBA provides the Unions with an adequate remedy at law. We, therefore, dismiss the Unions' petition for writ of mandamus on jurisdictional grounds.

## III

As discussed above, the Judges filed a counterclaim seeking a declaratory judgment holding that GR 29 vests the determination of working conditions exclusively with the presiding judge of each court. However, we decline to address this issue any further than is necessary to determine whether there was an adequate remedy at law available to the Unions. We have held that "[t]his court's original jurisdiction is governed by the constitution and, by the plain language of the constitution, does not include original jurisdiction in a declaratory judgment action." *Walker v. Munro*, 124 Wn.2d 402, 411, 879 P.2d 920 (1994). Indeed, "[t]he only grounds on which this court could render declaratory relief [in an original action] is if such a declaration necessarily underlies a writ of mandate." *Id.* Here, there is

no writ of mandate because the Unions' petition is dismissed, and therefore, we are without jurisdiction to issue a declaratory judgment.[5]

## IV

In sum, we will harmonize a court rule and a statute, if at all possible. In this situation, it is possible to harmonize the rule and statute because GR 29 only requires judges to maintain supervision over their employees, not unilaterally determine their working conditions. Because the Judges are subject to the PECBA, and the PECBA provides the Unions with an adequate remedy at law, the issuance of a writ of mandamus is inappropriate. The Unions' petition is, therefore, dismissed.

JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

[No. 73758-4. En Banc.]
Argued February 10, 2004. Decided March 18, 2004.

---

[5] Both parties requested attorney fees, but neither party provided a legal basis for its request. "Argument and citation to authority are necessary to advise us of the appropriate grounds for an award of attorney fees." *Dep't of Labor & Indus. v. Kaiser Aluminum & Chem. Corp.*, 111 Wn. App. 771, 788, 48 P.3d 324 (2002). We decline to award attorney fees to either party.