[No. 37993-7-II.   Division Two.   November 9, 2009.]

EVERETTE BURD, *Appellant*, v. HAROLD CLARKE, *as Secretary of the Department of Corrections, Respondent.*

*Mick Woynarowski* (of *The Defender Association*), for appellant.

*Robert M. McKenna, Attorney General,* and *Amanda M. Migchelbrink, Assistant,* for respondent.

¶1 HOUGHTON, J. — Everette Burd sought a writ of mandamus ordering Harold Clarke, the Secretary of the Department of Corrections (DOC), to complete Burd's dangerous mentally ill offender assessment (assessment). The trial court denied Burd's motion for summary judgment, granted DOC's cross motion for summary judgment, and dismissed Burd's petition. Burd appeals, arguing that RCW 72.09.370 creates a mandatory duty for DOC to perform the assessment and develop a release plan. He also argues that a former DOC internal policy entitles him to an assessment. DOC counters that this appeal is moot because DOC no longer confines Burd. We agree with DOC and affirm.

## FACTS

¶2 In 1997, the trial court sentenced Burd to 90 months' incarceration and 36 months' community custody for attempted first degree rape. In September 2005, DOC referred Burd for screening to determine his eligibility for the dangerous mentally ill offender community transition program.

¶3 On July 20, 2006, the State filed a probable cause petition for Burd's commitment as a sexually violent predator (SVP), chapter 71.09 RCW, and DOC determined he was

ineligible for dangerous mentally ill offender consideration due to the pending SVP filing. In August 2006, when his confinement expired, DOC transferred Burd to the Department of Social and Health Services Special Commitment Center on McNeil Island. A civil commitment trial is currently pending.

¶4 On January 25, 2006, Burd brought an original action in the Supreme Court against Clarke. In September, the Supreme Court transferred the case to the Thurston County Superior Court for a decision on the merits. At the superior court, Burd sought a writ of mandamus to order DOC to complete the assessment. He moved for summary judgment, arguing that DOC had an obligation under RCW 72.09.370 and its own policy directive to conduct the assessment. DOC cross-moved for summary judgment and argued that RCW 72.09.370 does not compel assessment of offenders no longer in DOC custody and that Burd was not in DOC custody.

¶5 The trial court granted Clarke's cross motion for summary judgment and denied Burd's motion for summary judgment. Burd appeals.

## ANALYSIS

### MOOTNESS

¶6 Burd contends this case is justiciable because we can provide effective relief by issuing a writ of mandamus. DOC counters that this case is moot because it no longer confines Burd. We agree with DOC.

¶7 The superior court or our Supreme Court may issue a writ of mandamus to compel a state official to perform an act the law clearly requires as part of the official's duties. RAP 16.2(a); *Wash. State Council of County & City Employees, Council 2 v. Hahn*, 151 Wn.2d 163, 166-67, 86 P.3d 774 (2004). We review the superior court's decision on a writ of mandamus petition de novo. *Land Title of Walla Walla, Inc. v. Martin*, 117 Wn. App. 286, 289, 70

P.3d 978 (2003). We will dismiss an appeal where only moot or abstract questions remain, or where the issues the parties brought before the trial court no longer exist. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). A case is moot if we cannot provide effective relief. *Spokane Research & Def. Fund*, 155 Wn.2d at 99.

■ ■ ¶8 Under the dangerous mentally ill offender program, DOC identifies offenders in its custody who "(a) [a]re reasonably believed to be dangerous to themselves or others; and (b) have a mental disorder." RCW 72.09.370(1). Here, it is the Department of Social and Health Services, and not DOC, which has custody of Burd. Because DOC does not currently confine Burd, it has no affirmative duty to conduct a dangerous mentally ill offender evaluation. A writ of mandamus would therefore provide no relief to Burd. The matter is moot.[1]

¶9 Affirmed.

VAN DEREN, C.J., concurs.

¶10 BRIDGEWATER, J. (concurring) — I concur in the majority's result, but only because of the restrictive manner of a writ of mandamus. Had Burd brought this case before us in a different manner, I would have considered the case, even though moot, because it is a matter of public interest likely to recur in the future and an authoritative determination is necessary to guide the Department of Corrections' conduct. *In re Det. of McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984) (an issue involves a substantial public interest and should be considered, although moot, when it is of a public nature, will likely recur, and requires an

---

[1] Burd also argues that a former DOC policy should afford him relief, but as he seeks a writ of mandamus, we look to the applicable law to determine whether that remedy is appropriate. *Hahn*, 151 Wn.2d at 166-67. Because DOC does not confine Burd, his argument that it failed to complete his assessment remains moot whether its alleged duty arose from a purported statutory duty or policy.

974

authoritative determination to provide future guidance to public officers).

Review denied at 168 Wn.2d 1028 (2010).