[No. 19403–8–I.   Division One.   April 25, 1988.]

CURTIS DILS, ET AL, *Appellants,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Norman W. Cohen,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Beverly Goetz, Assistant,* for respondent.

WEBSTER, J.—Curtis Dils, Richard Lamb, Victor Ruscigno and Theodore Kuhn (Dils) appeal the order dismissing their suit against the Department of Labor and Industries. Dils contends that the trial court erred when it determined that it lacked jurisdiction based upon Dils' failure to exhaust administrative remedies. We affirm.

## FACTS

Dils brought a class action suit against the Department and certain of its employees in August 1984. The complaint alleged that the Department wrongfully denied benefits, unlawfully delayed final adjudication of claims, and unlawfully made decisions and set policy in violation of both the administrative procedure act and the open public meetings act. Dils further alleged that as a result, each plaintiff had "sustained significant emotional distress, including suicidal ideation in the case of plaintiff Lamb, pain, suffering, and monetary damages." Based on the foregoing, Dils sought injunctive relief, declaratory relief, and money damages. In defense of the action the Department asserted that the superior court lacked subject matter jurisdiction. The trial court granted the Department's motion to dismiss Dils' complaint[1] on the ground that Dils had failed to exhaust administrative remedies. Dils timely appeals.

## DISCUSSION

The Industrial Insurance Act provides that all jurisdiction of the courts of the state is abolished, "except as in this title provided." RCW 51.04.010. Jurisdiction of the superior court is limited to review of departmental proceedings on appeals from orders of the Board of Industrial Insurance Appeals. RCW 51.52.110, .115. *Rybarczyk v.*

---

[1]The trial court did not dismiss Dils' complaint against the Department's employees.

*Department of Labor & Indus.,* 24 Wn. App. 591, 593, 602 P.2d 724 (1979), *review denied,* 93 Wn.2d 1010 (1980); *State ex rel. Bates v. Board of Indus. Ins. Appeals,* 51 Wn.2d 125, 128, 316 P.2d 467 (1957). Thus, in cases arising under the Industrial Insurance Act, the superior court acts as a court of limited, statutory jurisdiction. Such jurisdiction may never be presumed; the record must affirmatively show that all essential facts exist to invoke the court's jurisdiction. *Rybarczyk,* at 593.

Dils' suit was brought in superior court without first obtaining a final order from the Board as directed in RCW 51.52.110, .115. Although at one point both Lamb and Dils have timely appealed to the Board, the Department interrupted the appeals process by entering certain orders[2] apparently in accordance with the fifth proviso of RCW 51.52.060 which reads in part:

> *Provided, further,* That the department, either within the time limited for appeal, or within thirty days after receiving a notice of appeal, may modify, reverse or change any order, decision, or award, or may hold any such order, decision, or award in abeyance for a period of ninety days which time period may be extended by the department for good cause stated in writing to all interested parties for an additional ninety days pending further investigation in light of the allegations of the notice of appeal, and the board shall thereupon deny the appeal, without prejudice to the appellant's right to appeal from any subsequent determinative order issued by the department.

---

[2]The complaint alleges that after Dils timely appealed the denial of his benefits to the Board, the Department entered an order that held the order appealed from "in abeyance pending further consideration." After 90 days had passed, Dils' attorney called the Department. The Department responded that an order would not be issued within the 90 days and that the claim was being forwarded to Seattle for medical examination.

The complaint further alleges that after Lamb timely appealed the denial of benefits to the Board, the Department set aside the order pending "adjustment of the claim for conditions accepted and to avoid piecemeal litigation." The complaint also alleges that Ruscigno and Kuhn suffered comparable delays in the processing of their claims.

Dils argues that the trial court's decision has left him caught in a Catch-22 situation, contending that the suit was brought in superior court because of the inability to extract from the Department an order appealable to the Board. Dils further contends that there were no administrative remedies to pursue. We disagree.

■ The doctrine of exhaustion of administrative remedies is well established in Washington. *South Hollywood Hills Citizens Ass'n for Preserv. of Neighborhood Safety & Env't v. King Cy.*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984). Agency action cannot be challenged on review until all rights of administrative appeal have been exhausted. *Hollywood Hills,* at 73. RCW 51.52.050 provides, in part, that

> Whenever the department has taken any action or made any decision relating to any phase of the administration of this title the worker, beneficiary, employer, or other person aggrieved thereby may request reconsideration of the department, or may appeal to the board. . . . Any such person aggrieved by the decision and order of the board may thereafter appeal to the superior court, as prescribed in this chapter.

Thus, Dils could have objected to the Department's claims processing procedures by requesting reconsideration by the Department or by appealing to the Board. Moreover, the Board is empowered to hear petitions for declaratory rulings and to issue binding judgments on such petitions. *See* WAC 263-12-180. However, Dils did not pursue any of these avenues of relief.

■ While a party will not be required to exhaust administrative remedies where resort to them would be futile, this exception to the exhaustion doctrine only applies in rare factual situations, *Orion Corp. v. State,* 103 Wn.2d 441, 458, 693 P.2d 1369 (1985), which we find do not exist in this case. Even remedies Dils thought to be unavailing should have been pursued. *Lechelt v. Seattle,* 32 Wn. App. 831, 835, 650 P.2d 240 (1982), *review denied,* 99 Wn.2d 1005 (1983); *Rosen v. Tacoma,* 24 Wn. App. 735, 603

P.2d 846 (1979). In *Rosen* the plaintiff, who was "'disgusted with the way the city was giving [them] a bad time'" about the needed repairs to a building, sold the building at a loss without making a formal application for a permit. *Rosen,* at 737–38. The court held that the plaintiff's failure to exhaust remedies precluded a suit against the city. *Rosen,* at 741. Like the plaintiff's disgust in *Rosen,* Dils' disgust with the Department's alleged delay does not excuse the failure to exhaust administrative remedies.

Assuming for the moment that neither the Department nor the Board responded to Dils' objections, Dils could have petitioned the court for a writ of mandamus pursuant to RCW 7.16.160 in order to compel agency action. *See KSLW v. Renton,* 47 Wn. App. 587, 736 P.2d 664 (1986). In that case KSLW filed a timely appeal with the hearing examiner regarding a building permit. KSLW alleged that the examiner refused to act on the appeal, instead referring the matter to the city attorney's office. KSLW then brought suit in superior court to either compel issuance of the permit or obtain damages for a claimed illegal down zone of the property. The court held that by failing to exhaust his administrative remedies, that is, by failing to apply for a writ of mandamus, KSLW could not bring suit in superior court. *KSLW,* at 590–92.

We need not address whether the Industrial Insurance Act provides the exclusive remedy for Dils' claim, *see Deeter v. Safeway Stores, Inc.,* 50 Wn. App. 67, 747 P.2d 1103 (1987), because Dils is required to exhaust his administrative remedies before proceeding against the Department on a tort claim. *See Rains v. Department of Fisheries,* 89 Wn.2d 740, 741–44, 575 P.2d 1057 (1978) (exhaustion of administrative remedies is a threshold step that must be taken before plaintiff may bring a negligence action against the State for failure to grant a permit to rechannel a stream).

Having decided that Dils failed to exhaust administrative remedies, we affirm.

GROSSE, J., and WILLIAMS, J. Pro Tem., concur.