88 P.3d 432 (2004)
Thomas A. CENA and Bea Cena, Appellants,
v.
STATE of Washington, Respondent.
No. 49577-1-I.
Court of Appeals of Washington, Division 1.
April 26, 2004.
Ann P. Owen, Seattle, WA, for Appellants.
Peter J. Helmberger, Atty General Office Torts Div., Olympia, WA, for Respondent.

PUBLISHED IN PART
GROSSE, J.
The exclusive remedy provisions of the Industrial Insurance Act (IIA) bar a direct action against an employer for an injury incurred by an employee in the course of employment.[1] The bar extends to the claims administration process unless the employer's conduct exceeds all bounds of reasonable administrative procedure or is too tenuous in its relationship to the underlying workplace injury. Thomas Cena asserts negligent administration of a workers' compensation claim by the Department of Labor and Industries (L & I), but fails to show that his claim falls *433 outside the exclusive remedy provisions of the IIA. We affirm the dismissal of Cena's claim on summary judgment.

FACTS
In January 1982, Thomas A. Cena, Sr., sustained a lower back injury in the course of his employment with the Washington State Department of Employment Security. He filed an accident report with L & I on March 10, 1982. Over a period of years various claims were made, and for a number of reasons it took approximately 14 years to determine the claims associated with the injury. In February 1996, L & I paid Cena $120,761.26 in time-loss compensation for the period from June 1, 1982, to December 6, 1992. Later it was determined that Cena was not paid Loss of Earning Power (LEP) benefits for an additional "missing" 524 days, and in June 1996, L & I paid Cena an additional $58,269.98 in LEP benefits for the period from December 7, 1992, to June 21, 1996. L & I then placed Cena on pension rolls effective June 22, 1996.
Alleging numerous causes of action regarding the administration of the industrial insurance claim, including wrongful delay or denial of benefits, Thomas and Bea Cena (Cena) filed a complaint seeking damages from L & I. Cena asserted theories of negligent administration of a worker's compensation claim, negligence per se for statutory violations, negligent supervision, breach of statute, negligent infliction of emotional distress, outrage, fraud, spoliation, and violations of various criminal statutes as well.
Before trial, Cena was allowed to amend his complaint to include a claim for defamation for a comment made by an L & I claims manager to Ann Pearl Owen, counsel for Cena. Throughout much of the claims process and beyond Owen communicated directly with L & I claims managers. One conversation occurred by telephone in February 2000. Owen called L & I claims manager Christopher Gray to discuss the correctness of a Board of Industrial Insurance Appeals order issued by Gray. Gray claims the conversation became heated and both he and Owen became accusatory and argumentative. Gray asserted that Owen called the L & I process and employees a fraud and that he responded by calling Owen a fraud as well. Owen's version was different; she claimed that Gray said Cena, or his claim, was the biggest fraud he'd ever seen. Owen and her secretary, who claimed she could hear the conversation, were the only ones who heard the statement. Cena testified he learned of Gray's remark in September 1991, just before trial began, over a year after the remark was made.
On a motion for summary judgment, the trial court dismissed all negligence claims, finding the exclusive remedy provisions of the IIA barred the actions.
A bench trial proceeded on the claims of intentional infliction of emotional distress, outrage and defamation. The trial court determined that Cena failed to prove the elements of outrage/intentional infliction of emotional distress in the administration of the claim. The trial court also held that the alleged defamatory comment, if made, was not defamatory because it was a statement of opinion that, given the context of the statement and the audience to whom it was made, could not reasonably be taken to be defamatory. The trial court entered Findings of Fact and Conclusions of Law. Judgment for statutory fees and costs was entered.[2] Cena appeals.

DISCUSSION
Summary JudgmentNegligent Claims Administration[3]
Cena insists that the phrase "sure and certain relief" mentioned in the purpose statement or exclusive remedy provision of the worker's compensation statute[4] creates a *434 statutory tort duty to be imposed on L & I, but not self-insurers, which allows recovery on a theory of negligent claims administration. We disagree.
The exclusive remedy provision is sweeping, comprehensive, and of the broadest, most encompassing nature.[5] A person receiving benefits under the IIA has no separate remedies for his or her injuries except where the IIA specifically authorizes a cause of action.
The rejection of a negligent administration claim was first fully explained in Deeter v. Safeway Stores, Inc.,[6] wherein the plaintiff filed a civil claim based on the theory of wrongful delay or denial of benefits. The issue decided in Deeter is the same as the one here, whether the bar to direct actions for industrial injuries covered by the IIA extends to the claims administration process. The Deeter court held that the bar was extended to the claims administration process in cases where the claim arose from a bona fide dispute over compensation and therefore is inextricably interwoven with the compensation scheme.[7]
Deeter's reasoning was affirmed in Wolf v. Scott Wetzel Services, Inc.[8] Central to the Wolf decision was the language in the exclusive remedy provision of the IIA. The exclusive remedy provisions in RCW 51.04.010 withdraw from private controversy "all phases of the premises" and consider the administration of a claim as involving one of those phases.[9] Only if the claimed injury is too tenuous in its relationship to the underlying workplace injury can a separate action lie. The exclusive remedy is found in the IIA; there is no other remedy for negligence-based claims of wrongful delay of benefits.[10]
Cena argues that Wolf and Deeter do not apply because L & I is not a self-insurer and that the injuries here are separate from the industrial injury. But Deeter and Wolf do not distinguish between a claims administration decision made by a self-insured employer or by L & I. Nor is there reason to treat claims management decisions made by L & I employees differently than those made by claims managers for self-insureds.[11] In order to qualify as an exception to the ban on tort actions based on workplace injuries, Cena must satisfy a separate injury test wherein the injury resulted from an occurrence separate from the one giving rise to the claim compensable under the IIA. He cannot satisfy that test.
Here, the exclusive remedy provision applies because the remedy for the injury is based in the IIA. Claims based on wrongful delay in the payment of benefits falling short of outrage do not pass the separate injury test because a claim which arises from a bona fide dispute over compensation is inextricably interwoven with the compensation claim.[12] Dismissal of Cena's negligence based claims *435 by the trial court on summary judgment was appropriate and is affirmed.[13]
The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: COX, C.J., and AGID, J.
NOTES
[1] The bar is removed for suits in which the employer is alleged to have a deliberate intent to injure the worker. RCW 51.24.020; Hope v. Larry's Markets, 108 Wash.App. 185, 196, 29 P.3d 1268 (2001).
[2] A separate trial has been held regarding the correct amount of industrial insurance benefits paid to Cena, including the question of interest due on the delayed claims paid.
[3] The usual standard for review of summary judgment applies. CR 56(c); Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
[4] "The state of Washington, ... exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided." RCW 51.04.010.
[5] Tallerday v. Delong, 68 Wash.App. 351, 356, 842 P.2d 1023 (1993).
[6] Deeter v. Safeway Stores, Inc., 50 Wash.App. 67, 747 P.2d 1103 (1987).
[7] Deeter, 50 Wash.App. at 82-83, 747 P.2d 1103 (Grosse, J. concurring), citing 2A A. Larson, Workmen's Compensation § 68.34(b), (c) (1987); see also Michael A. Rosenhouse, Annotation, Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due, 8 A.L.R.4th 902 (1981).
[8] Wolf v. Scott Wetzel Servs., Inc., 113 Wash.2d 665, 672, 782 P.2d 203 (1989).
[9] Wolf, 113 Wash.2d at 675, 782 P.2d 203.
[10] See Birklid v. Boeing Co., 127 Wash.2d 853, 872-73, 904 P.2d 278 (1995) (to the extent a plaintiff alleges or proves only negligent or reckless based claims, the exclusive remedy provision of the IIA bars such claims).
[11] The state cannot be liable for its acts under circumstances where a similarly situated private entity would not be liable. Edgar v. State, 92 Wash.2d 217, 222-228, 595 P.2d 534 (1979).
[12] See Deeter, 50 Wash.App. at 84, 747 P.2d 1103 (Grosse, J., concurring).
[13] The remedy provided by the IIA for resolving disputes regarding the administration of claims is found in RCW 51.52.050: "Whenever the department has taken any action or made any decision relating to any phase of the administration of this title the worker, beneficiary, employer, or other person aggrieved thereby may request reconsideration of the department, or may appeal to the board." Therefore, an aggrieved worker may request reconsideration by L & I or may appeal any decision regarding the administration of a claim to the Board. See Dils v. Dep't of Labor & Indus., 51 Wash.App. 216, 219, 752 P.2d 1357 (1988).

If Cena was as frustrated with the process as counsel claims, and could not procure a decision from L & I, Cena could have filed a writ of mandamus pursuant to RCW 7.16.160 in superior court to compel agency action. Dils, 51 Wash.App. at 220, 752 P.2d 1357. Further, RCW 51.48.017 grants a remedy for wrongful delay or termination of workers' compensation benefits. The statute provides that if a self-insurer unreasonably delays or refuses to pay benefits, then the self-insurer pays a penalty. Here, contrary to Cena's claim, the State acts in a similar capacity as a self-insurer.