105 P.3d 996 (2005)
Daniel J. RUSHING, Appellant,
v.
ALCOA, INC., and the Department of Labor & Industries, Respondent.
No. 31019-8-II.
Court of Appeals of Washington, Division 2.
January 4, 2005.
*997 Gilbert M. Stratton, Craig Jessup & Stratton PLLC, Seattle, Lisa Marsh, Atty. Gen. of Wash., Steve Vinyard, Atty. Gen. of Wash., for Respondents.
Donald Gene Grant, Grant & Elcock PLLC, Vancouver, for Appellant.
ARMSTRONG, J.
Daniel Rushing was injured while working for ALCOA. On its accident report form, ALCOA checked the box "yes" next to the question "Will you pay this employee full salary or wages during period of disability?" But ALCOA actually paid Rushing time loss compensation. Years later, when Rushing discovered ALCOA's answer on the report form, he claimed the full amount of his wages. The Board of Industrial Insurance Appeals ruled against Rushing, and the superior court affirmed on summary judgment. Because ALCOA was not legally bound by its answer on the form, we affirm.

FACTS
Daniel J. Rushing sustained an industrial injury on September 19, 1985, at an ALCOA facility in Vancouver, Washington. When ALCOA filled out its portion of the required Self-Insurer Accident Report Form (SIF-2), it checked the box labeled "[y]es" for the question "Will you pay this employee full salary or wages during period of disability?" Clerk's Papers (CP) at 113. Rushing signed and filed the SIF-2 on or about September 26, 1985.
The Department of Labor & Industries allowed Rushing's claim on February 24, 1986. The order stated that "payment of time loss compensation by the self-insured employer has been reported in accordance with [former] WAC 296-15-070." CP at 137. Except for a brief period in which he worked on light duty, Rushing received time loss compensation at the maximum rate allowed by statute; ALCOA did not pay him his actual wages. On January 13, 2000, the Department ruled that Rushing was entitled to a permanent total disability award, closed his claim, and placed him on the pension rolls effective February 1.
On June 21, 2001, the Department issued an order that Rushing's total gross wages at the time of his injury were $2,676.89 and that his time loss compensation rate was $1,130.75 per month. Rushing appealed this order to the Board of Industrial Insurance Appeals and the parties stipulated in part:
1. That the Order and Notice of the Department of Labor & Industries dated June 21, 2001, is correct as it pertains to the adjudication of benefits pursuant to Chapter 51 RCW and should be affirmed by the Board of Industrial Insurance Appeals *998 (BIIA) subject to the issue set forth in paragraph 2 hereof;
2. That the issue for adjudication by the BIIA is whether or not it has jurisdiction to determine if the Claimant is entitled to any relief which can be granted pursuant to the appeal of the Department Order dated June 21, 2001, because [of] the box checked "Yes" to the question: "Will you pay this employee full salary or wages during period of disability? on the SIF-2 Form.
CP at 108-09.
An industrial appeals judge (IAJ) concluded that the issue was "clearly within the subject-matter jurisdiction" of the BIIA and that "[a]though [ALCOA] could have paid Mr. Rushing what he terms his `full wages and benefits,' the employer was under no legal obligation to do so simply because of a box checked on the SIF-2 form;" the appeals judge affirmed the order. CP at 34.
Rushing appealed the IAJ's decision to the three-member board. After the BIIA affirmed the IAJ, Rushing appealed to Clark County Superior Court. The court granted ALCOA summary judgment. Rushing appeals.

ANALYSIS
When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. CR 56(c).
Industrial insurance claims are governed by statute, not common law. Rector v. Dep't of Labor & Indus., 61 Wash.App. 385, 390, 810 P.2d 1363 (1991). Courts will neither read matters into a statute that are not there nor modify a statute by construction. Rhoad v. McLean Trucking Co., 102 Wash.2d 422, 426, 686 P.2d 483 (1984) (citing King County v. Seattle, 70 Wash.2d 988, 991, 425 P.2d 887 (1967)). The Department's interpretation of the Industrial Insurance Act is not binding, but we give it great deference. Weyerhaeuser Co. v. Tri, 117 Wash.2d 128, 138, 814 P.2d 629 (1991).
Here, the parties stipulated to the facts. Thus, our review is limited to the legal question of whether ALCOA's checking the "yes" box on the SIF-2 form entitles Rushing to the relief he seeks.
Rushing first argues that ALCOA obligated itself to pay him his "full salary and wages" at least during his temporary total disability period by checking the "yes" box on the SIF-2. Appellant Br. at 4. ALCOA and the Department respond that there is no legal basis for his claim.
Title 51 RCW, Washington's Industrial Insurance Act, provides the exclusive remedy for workers injured in the course of employment. RCW 51.04.010. This provision is "sweeping, comprehensive, and of the broadest, most encompassing nature." Cena v. State, 121 Wash.App. 352, 356, 88 P.3d 432 (2004). A person receiving benefits under the Act has no separate remedy for his injuries except where the Act specifically allows a cause of action. Cena, 121 Wash.App. at 356, 88 P.3d 432.
All parties focus on RCW 51.32.090(6), which provides:
Should a worker suffer a temporary total disability and should his or her employer at the time of the injury continue to pay him or her the wages which he or she was earning at the time of such injury, such injured worker shall not receive any payment provided in subsection (1) of this section during the period his or her employer shall so pay such wages.
RCW 51.32.090(6).
Rushing also cites[1] former WAC 296-15-070 (1985)[2] and WAC 296-15-090 (1985).[3] But these provisions contain only reporting requirements, they do not say that an employer *999 is bound by its initial answer on the SIF-2 form.
Rushing also cites Georgia-Pacific Plywood Co. v. Dep't of Labor & Industries, 47 Wash.2d 893, 290 P.2d 718 (1955), and several BIIA cases. The cases are not helpful. Georgia-Pacific dealt with whether an employee had to make a binding election as to the cause of his injury where it was clear that he was entitled to the benefits. In In re James McCollum, Board of Industrial Insurance Appeals No. 62,296 (Dec.1983), the Department correctly found the worker did not suffer an industrial injury, but it erred when it failed to determine whether the worker had suffered an occupational disease, even though the worker had stated he sustained an industrial injury on the accident report form. The matter of In re Susanne G. Ryan, Board of Industrial Insurance Appeals No. 46,094 (Dec.1977), dealt with whether or not the claimant was injured, and merely noted that the Department had only one type of claim form and that claimants are not required to make a binding election between an industrial injury or occupational disease when filling it out. If anything, these authorities support the Department and ALCOA's position.
ALCOA and the Department argue that RCW 51.32.090(6) does not require the employer to pay an injured worker his full wages. Rather, they claim the statute gives employers two options: (1) paying the worker the wages he earned at the time of injury, or (2) paying the worker appropriate total temporary disability benefits. We agree, and nothing in the statutes provides that an employer is bound by its initial decision whether to pay wages or time loss compensation.
Although ALCOA initially checked the box that it would pay Rushing his usual wages, he was not aware that ALCOA had checked the box. And ALCOA never paid Rushing his wages; rather, from the outset, it paid Rushing his time loss benefits. Finally, the Department's February 1986 order recited that ALCOA was paying Rushing time loss benefits, not wages. Rushing does not argue that ALCOA is contractually bound by its first election; nor does he argue estoppel or any other equitable claim. In fact, he offers neither authority nor a plausible theory in support of his claim. Absent any authority in support of his argument, we defer to the Department's interpretation of the law.
Finally, Rushing argues that the trial court erred when it affirmed the BIIA decisions below, claiming the parties requested a ruling only on whether the BIIA had jurisdiction to determine the merits. Rushing is correct that the parties stipulated that the issue was jurisdictional, but they also agreed that the order on appeal, which determined his time loss compensation rate, was correct as to "adjudication of benefits pursuant to Chapter 51 RCW," and should be affirmed subject to the jurisdictional ruling. CP at 108-09. And all parties stipulated that they rested their cases. We reject Rushing's argument that the BIIA went beyond the stipulation.
Affirmed.
We concur: BRIDGEWATER, P.J., and VAN DEREN, J.
NOTES
[1] Rushing incorrectly cites a later version of the WACs.
[2] Former WAC 296-15-070 (1985) provides in part:

(1) Reporting of accidents ... shall be on a form prescribed by the department, entitled the self-insurer's accident report (SIF # 2), which will be supplied to all self-insurers, and by self-insurers to their employees. Forwarding a completed copy of this form to the department for compensable claims immediately and medical only claims monthly after closing by the self-insured employer shall satisfy the initial accident reporting responsibility ... under the law.
...
(4)(a) When a worker requests an accident report (SIF # 2), the self-insurer shall provide the report in a timely manner. This report outlines the workers' rights and responsibilities in nontechnical language.
[3] Former WAC 296-15-090 provided:

Each employer authorized to self-insure the liabilities imposed by the industrial insurance law ... shall provide the supervisor... with a statement of their current policy of applying sick leave, health and welfare insurance benefits or any other compensation in conjunction with or as a substitute for the time loss compensation required in RCW 51.32.090.
(a) Where a self-insurer maintains a person on full salary during a period of temporary total disability due to an injury or illness compensable under Title 51 RCW, a report shall be filed with the department in accordance with WAC 296-15-070.