176 P.3d 536 (2008)
Enver MESTROVAC, Respondent/Cross-Appellant,
v.
DEPARTMENT OF LABOR & INDUSTRIES OF the STATE of Washington and Board of Industrial Insurance Appeals, Appellants/Cross-Respondents.
Nos. 58200-3-I, 58505-3-I.
Court of Appeals of Washington, Division 1.
January 22, 2008.
*538 Johnna Skyles Craig, Spencer Walter Daniels, Office of the Attorney General, Olympia, WA, for Appellant.
John R. Wasberg, Johnna Skyles Craig, Office of the Attorney General, Olympia, WA, Masako Kanazawa, Attorney at Law, Seattle, WA, for Appellant/Cross-Respondent,
Ann Pearl Owen, Ann Pearl Owen PS, Seattle, WA, for Respondent/Cross-Appellant.
Bryan Patrick Harnetiaux, Michael J. Pontarolo, Attorneys at Law, Spokane, WA, for Amicus Curiae on behalf of Washington State Trial Lawyers Assn. Foundation.
Paula Tuckfield Olson, Burgess Fitzer PS, Tacoma, WA, for Amicus Curiae on behalf of Wash. Self-Insurers Assoc.
AGID, J.
¶ 1 The Department of Labor and Industries (Department) and the Board of Industrial Insurance Appeals (Board) appeal a superior court order directing both the Department and the Board to reimburse Enver Mestrovac, a Department benefit claimant with limited English proficiency (LEP), for the cost of interpreter services not provided by either the Department or the Board. The Board also appeals from the superior court's order denying its motion to intervene and awarding attorney fees to Mestrovac. Mestrovac cross-appeals, challenging the superior court's ruling affirming the Department's wage rate calculation for his time-loss compensation. Because the Constitution does not require interpreter services beyond that which the Department and the Board provided, and Mestrovac demonstrates no prejudice resulting from the Board's failure to provide an interpreter for communications with counsel during the hearing, we reverse the rulings requiring the Department and Board to reimburse Mestrovac for his interpreter expenses. Additionally, because the superior court's order imposed a judgment against the Board and affected the integrity of its procedures, we reverse its order denying the Board's motion to intervene. But because the Board correctly accounted for Mestrovac's holiday and vacation pay and properly excluded other employer-paid benefits as not critical to his basic health and survival, we affirm the wage calculation.

FACTS
¶ 2 Mestrovac is a Bosnian immigrant and is not fluent in the English language. In 2003, he injured his wrist while unloading furniture containers for A-America, Inc., and applied for and received benefits from the Department. On October 10, 2003, his attorney informed the Department that she was representing Mestrovac, that the Department *539 was to communicate through her on his claim, and that Mestrovac "does not speak English as his native language." On October 20, 2003, his attorney sent the Department a letter requesting an order authorizing interpreter services and payment for Mestrovac's interpreter bills for services "in connection with [his] communications with his health care providers, DLI [the Department], the Board, voc rehab personnel, IME examiners, and his counsel through all phases of his claim and appeals thereon." The Department did not issue an order or otherwise specifically respond to this request.[1]
¶ 3 In October and November 2003, the Department issued three time-loss computation orders for certain time periods during which Mestrovac was temporarily totally disabled. In each of these orders, the Department computed his monthly wage at $1,584 based on eight-hour work days, five days a week, at $9 per hour. All three orders were issued in English; one was sent to Mestrovac on October 10, 2003, and the other two were sent to his attorney on October 24 and November 7, 2003. Mestrovac appealed all three orders.
¶ 4 In his appeal he challenged his wage computation, asserting that it should have included (1) employer-provided health benefits, (2) average of regular overtime hours, (3) bonuses, (4) vacation and holiday pay, (5) employer contributions to retirement benefits, life insurance, accidental death and dismemberment insurance and short-term disability insurance, and (6) employer taxes for Medicare, Social Security and unemployment insurance. He also asserted that the Department did not provide him sufficient interpreter services during claim administration and that he was entitled to the following services from both the Department and the Board:
[interpreter services for] [a]ll communications addressed to him, his lawyer, to any of his treating physicians or other health care providers, to any [other] provider for the Department, with the Department, with his employer, with his counsel, with IME examiners, with the Board, and associated with vocational rehabilitation. . . .
¶ 5 During a scheduling telephone conference, the Industrial Appeals Judge (IAJ) ruled that the Board would provide and pay for interpreter services at the hearing, but not for communications with counsel during the hearing. Mestrovac's attorney then informed the IAJ that if he needed to hire an interpreter for attorney communications, he would be seeking reimbursement for these services as costs of the hearing. The IAJ also denied Mestrovac's claim for additional interpreter services at the Department level, concluding that the Board had no jurisdiction to grant such relief because the appeal before it was an appeal of the time-loss orders and no appealed Department order addressed the interpreter issue. Mestrovac sought interlocutory review of this order, which was denied.[2]
¶ 6 The lAJ then held a hearing on the wage computation issue but refused to hear evidence on the interpreter issue. The IAJ provided interpreter services during the hearing, but not for Mestrovac's communications with his attorney. The lAJ then issued a proposed decision and order reversing the time-loss orders and concluding that overtime hours, health care benefits, bonuses, holiday pay and vacation pay should have been included in the wage computation. The 1AJ also ruled that the value of other employer paid benefits and taxes should be excluded. The lAJ's ruling increased the monthly wage to $2,119.41.
¶ 7 Both Mestrovac and the Department appealed the lAJ's proposed decision to the full Board. The Department challenged the wage computation that included holiday and vacation pay, and Mestrovac challenged the lAJ's adverse rulings on the wage computation issues. He also asserted that he incurred interpreter expenses at both Department and Board proceedings and requested that the Department: (1) determine the *540 amount of expenses he incurred in pursuing his claim, (2) reimburse him for these expenses, and (3) provide him with interpreter services "until final closure occurs on the claim," including representation at the Department, Board, superior court, Court of Appeals and Supreme Court levels.
¶ 8 The Board issued a decision and order agreeing with the lAJ's decision, except for the issue of holiday and vacation pay, concluding that the Department had already included those hours in its base wage calculation. The Board also concluded that the IAJ complied with the applicable law relating to interpreter services to be provided at Board hearings. The Board held that it lacked subject matter jurisdiction to consider any issues relating to interpreter services at the Department level.
¶ 9 Mestrovac appealed the Board's order to the superior court. On March 20, 2006, the superior court issued a letter opinion, findings of fact and conclusions of law, and a judgment, affirming the Board on the wage computation issues, but reversing on the interpreter issues. In the letter opinion, the court concluded that it had the authority to address Mestrovac's procedural due process claims, even if not addressed by the Board, and declined to include an attorney fees award to Mestrovac because he did not prevail on any of the substantive claims. In its conclusions of law, the court ruled that it did not have jurisdiction over the issue of the Department's provision of interpreter services, but that the Board had jurisdiction over issues Mestrovac raised on appeal relating to his LEP status, and that both the IAJ and the Board erred by failing to consider these issues. The court then entered judgment for the Department but ordered the Department to determine the amount of Mestrovac's interpreter expenses and to reimburse him with interest.
¶ 10 The Department moved for reconsideration and clarification of the court's rulings on the interpreter issue. On April 17, 2006, the court issued an order on this motion and revised its conclusions of law to state: (1) it had jurisdiction "over the issue of the Department's use of English to communicate with Mr. Mestrovac"; (2) the Board erred by failing to include findings on issues "regarding communications with him in English, his right to communications with his employer, the Department, and counsel of his choice regarding his industrial injury in his primary language or through interpreter services paid for by the Department"; (3) the Board must hold a hearing to determine the amount of interpreter expenses he incurred because of the Department's and the Board's failure to provide additional interpreter services; and (4) the Department must pay interpreter expenses incurred until the Board assumed jurisdiction, and the Board must pay those expenses incurred after Mestrovac filed his first notice of appeal to the Board.
¶ 11 On May 11, 2006, after receiving notice of the court's revised order, the Board moved to intervene in the superior court matter. A day later, the Department filed with this court a notice of appeal of the revised order, and both the Board and Mestrovac filed cross-appeals. On June 15, 2006, the superior court entered a proposed order that denied the Board's motion to intervene, contingent upon this court's permission to enter the order. The proposed order also granted attorney fees to Mestrovac against the Department, reversing its earlier decision denying Mestrovac an attorney fees award, and awarded attorney fees against the Board for work performed on Mestrovac's response to the Board's motion to intervene.
¶ 12 On July 18, 2006, we granted Mestrovac's motion to enter the superior court's proposed order, but denied his motions to dismiss the Board's appeals to this court. On August 1, 2006, with this court's permission, the superior court entered a second order to include an additional attorney fees award of $1,750 against the Board for Mestrovac's work before this court seeking to enter the superior court's proposed order. The Board filed timely appeals of both superior court orders.
I. Department and Board Appeal of Superior Court Orders
¶ 13 We first address the Department's and Board's appeal of the superior court's March 20, 2006 and April 17, 2006 orders. *541 Both the Department and the Board argue that the superior court did not have jurisdiction over Mestrovac's due process claims at the Department level, that neither the Department nor the Board violated his due process rights by denying his request for additional interpreter services, and that neither the Department nor the Board should reimburse Mestrovac for his additional interpreter expenses. The Board also contends that the trial court erred by requiring it to hold a hearing to determine the amount of interpreter fees to be reimbursed to Mestrovac because doing so would compromise its impartiality.
A. Board Standing to Appeal
¶ 14 Mestrovac challenges the Board's standing to appeal the superior court's orders, contending that the court's orders do not affect the integrity of the Board's decisionmaking process. We disagree. As a quasi-judicial agency, the Board is "generally not permitted to bring appeals of adverse court decisions."[3] But when quasi-judicial agencies "have interests in preserving the integrity of their decision[-]making process," they have authority to appeal decisions which impact their procedures.[4] Here, the Board's procedural integrity was affected: the superior court found that its interpreter procedures were constitutionally deficient and required the Board to alter those procedures and allocate funds for additional services.
¶ 15 Additionally, the Board was entitled to an appeal as an "aggrieved" party within the meaning of RAP 3.1.[5] As this court has recognized, "under some circumstances, persons who were not formal parties to trial court proceedings, but who are aggrieved by orders entered in the course of those proceedings, may appeal as `aggrieved parties.'"[6] "Aggrieved" has been defined to mean "a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation."[7] Here, the superior court's orders imposed upon the Board a burden and an obligation by holding it liable for Mestrovac's interpreter costs and requiring it to pay thousands of dollars in attorney fees for attempting to intervene. The Board was therefore sufficiently "aggrieved" to assert standing to appeal.
B. Appellate Review of Department Interpreter Services
¶ 16 The Department and the Board contend that the superior court erred by concluding that both the court and the Board had jurisdiction to address the Department's interpreter procedures because there was no Department order addressing these procedures from which Mestrovac could appeal. Mestrovac contends that the Department's repeated use of English-only communications with its knowledge of his LEP status amounts to an appealable decision within the meaning of RCW 51.52.060, despite the absence of a written decision from the Department addressing this procedure.
¶ 17 This is an issue of law. We review the superior court's decision de novo to determine whether substantial evidence supports its findings and whether its "`conclusions of law flow from the findings.'"[8] The superior court acts in an appellate capacity, reviewing the Board's decision de novo, but "cannot consider matters outside the record or presented for the first time on appeal."[9] As discussed in the Feren&cacute;ak opinion, *542 the "Board's scope of review is limited to those issues which the Department has previously decided," and the relevant statutes imply that for a Department decision to be appealable, it must be in writing and served on the worker.[10] Here, as in Feren&cacute;ak, there was no Department decision addressing the interpreter request or the Department's use of English-only communications with Mestrovac. Thus, the Board could properly refuse to consider Mestrovac's arguments on appeal challenging the Department's English-only communications because there was no Department decision from which to appeal. The superior court's finding to the contrary was error.
¶ 18 Mestrovac contends that because the statute refers to "any action" or "any decision" of the Department and it does not require the action or decision to be in writing, the Department's refusal to provide the additional interpreter services is an action from which he may properly appeal. We disagree. Mestrovac relies on language in Dils v. Department of Labor & Industries,[11] in which workers challenged the Department's delay of claims administration in a civil suit. There, the court held that the workers did not exhaust their remedies, noting that they "could have objected to the Department's claims processing procedures by requesting reconsideration by the Department or by appealing to the Board."[12] But the court also noted that if the Board or Department did not respond to their objections, the workers could have petitioned the court for a writ of mandamus to compel agency action.[13] And in the later decision in Cena. v. State,[14] the court noted that if the claimant was frustrated with the process and could not procure a decision from the Department, he could have filed a writ of mandamus in superior court to compel the requested action.
¶ 19 Thus, if Mestrovac believed the Department was unresponsive to his requests but had no decision from which to appeal, he had available to him the remedy of filing a writ of mandamus. There is no legal support for his argument that absent a specific Department decision addressing this procedure, the Department's continued use of the English-only notices despite its knowledge of his LEP status is an appealable Department action.[15] We therefore hold that the superior court erred by concluding in this case that the court and the Board had jurisdiction over Mestrovac's claims relating to the Department's English-only procedures.[16]
C. Due Process & Equal Protection
¶ 20 The Department and the Board also contend that the superior court erred by concluding that due process requires both the Department and the Board to provide and pay for more interpreter services than they had already provided. While the court's order did not make a specific finding that there was a due process violation, it did state that both the IAJ and the Board erred by failing to consider or enter findings on this issue and that Mestrovac was entitled to reimbursement for interpreter expenses "incurred because of the Department's and the Board's failure to provide interpreter services for [him] to communicate with the Department, his employer, his health care providers, and his lawyer." The superior court's ruling is without legal support.
¶ 21 As we held in the Kustura opinion, neither the Department's nor the *543 Board's interpreter procedures conflict with the constitutional guarantees of due process or equal protection, as Mestrovac contends.[17] Nor does chapter 2.43 RCW require interpreter services beyond those provided during Board hearings or that the Board pay for such services absent a finding of indigency.[18] Thus, we determine only whether the Board provided sufficient interpreter services "to assist [Mestrovac] throughout the proceeding," in compliance with the statute.[19] Here, the Board provided and paid for an interpreter for the entire hearing, but the IAJ refused to allow Mestrovac to use the interpreter for any communications with counsel during breaks or off the record.[20] Thus, as we held in Kustura, by failing to provide an interpreter for communications with counsel during the hearing, the Board did not comply with the statute's directive to supply an interpreter "to assist [the claimant] throughout the proceedings." But as in Kustura, we find no reversible error.
¶ 22 As did the claimants in Kustura, Mestrovac fails to demonstrate any prejudice caused by the Board's failure to provide him an interpreter for his communications with counsel during the hearing. Mestrovac identifies the prejudice as the added financial cost of an interpreter to provide these additional services and asserts that by having to pay these additional costs, his benefits were reduced. But he does not allege that this additional language assistance likely affected the outcome of his claim. Indeed, his attorney reviewed all Department orders, he filed a timely appeal, he had an evidentiary hearing before the Board which was interpreted for him, and his attorney submitted extensive briefing on' the legality of the wage computation. As in Kustura, it is unlikely that he could have offered any additional input that would have been critical to his case, and that required an interpreter for his communications with counsel. Mestrovac makes no showing to the contrary. Most importantly, he ultimately obtained the correct amount of benefits from the Department.
¶ 23 Because Mestrovac fails to show any prejudice from the Board's failure to provide an interpreter for his communications with counsel at the Board hearing, we reverse the superior court's order requiring the Department and Board to pay for his interpreter services.[21] There is no authority for requiring the Board to provide interpreter services for matters outside of the Board hearing. That portion of the trial court's order is also reversed. Thus, there is no basis for an award of attorney fees related to those issues. We do not need to reach the Department's and the Board's arguments challenging these fees and the court's order requiring the Board to conduct a hearing to determine these fees.
II. Denial of Board's Motion to Intervene
¶ 24 We next address the Board's appeal of the superior court's denial of the motion to intervene and award of attorney fees related to that motion. We agree with the Board's position that it had a right to intervene in the superior court proceedings *544 and that there was no basis for the attorney fees award. Contrary to the superior court's findings, the Board's motion to intervene was timely under the circumstances.[22] The motion was filed within a few weeks after the Board learned of the ruling, and there is no rule limiting the time within which a party must file an intervention motion. Rather, the timeliness of the motion is determined by considering the specific circumstances of the case.[23] Here, the few weeks' delay was reasonable considering that the court's order presented an atypicalif not unprecedentedruling and placed the Board in a unique procedural posture where it was treated as a party with a judgment against it, but was also directed to determine the amount of that judgment as a quasi-judicial tribunal. Because the order created an inherent conflict for the Board, it was not unreasonable for it to take three weeks to formulate a thoughtful, careful response.
¶ 25 The Board also had an obvious interest in not paying a judgment against it for reimbursement fees, but because it was not a party, it could not defend against the claim. Nor was the Board's interest adequately protected by the Department. The Department had its own interest in not paying for the same fees and could dispute the way in which the court allocated the fees between itself and the Board.[24] Intervention was therefore appropriate to enable the Board to defend its interests. The trial court abused its discretion when it entered judgment against the Board as an absent party and then refused to allow it to defend against that judgment.[25] We reverse the trial court's ruling denying the Board's intervention motion.
¶ 26 Because the superior court improperly denied the Board's motion to intervene, there is no basis for the court's order awarding attorney fees to Mestrovac for responding to the motion to intervene. Accordingly, we reverse the attorney fees award against the Board. Nor is there any authority for the court's award of attorney fees to Mestrovac for his briefing in this court.[26] A request of attorney fees incurred before this court must be made to this court.[27] And none was made in connection with the motion to intervene. Even if there had been a request, Mestrovac is not the prevailing party.
III. Wage Calculation
¶ 27 Finally, we address Mestrovac's cross-appeal in which he challenges the Department's wage calculation. He contends the Board erroneously excluded overtime pay, holiday and vacation pay, and employer contributions to government-mandated benefits, We disagree.
¶ 28 Mestrovac first argues that the Board's wage calculation did not include overtime pay of $13.50 per hour. The Board's calculation included 10.39 hours of overtime, but used his regular pay rate of $9 *545 per hour.[28] Mestrovac contends that this calculation did not comply with RCW 51.08.178(1) to include wages "from all employment at the time of injury." But that statute clearly states that wages "shall not include overtime pay except in cases under subsection (2) of this section."[29] Subsection (2) of the statute relates to employment that is "exclusively seasonal;" or "part-time or intermittent,"[30] which is not at issue here. Thus, by including the overtime hours at the regular, pay rate, the Board's calculation complied with the statute.[31]
¶ 29 Mestrovac also appears to challenge the number of overtime hours, noting that the evidence established he worked 20.90 hours overtime instead of 10.39, the amount determined by the Board. He asserts that he should have been paid the overtime rate of $13.50 for these 20.90 hours. But because he did not assign error to this factual finding, it becomes a verity on appeal and we do not review it.[32]
¶ 30 Mestrovac further argues that his wage calculation erroneously excluded holiday pay and vacation leave. Holiday and vacation pay may be included in the wage calculation by either (1) including the cash value of the employer's contributions for hourly leave in determining the hourly pay rate or (2) including the leave hours taken in determining the total number of hours worked.[33] Thus, if the Department used a 40-day week in its calculation, which it did,[34] those days were included: they were counted as days worked even if Mestrovac took them as vacation days. We also note that he did not allege that he took, additional leave that was unaccounted for in the calculation. He was not entitled to an additional amount.
¶ 31 Finally, Mestrovac contends that the wage calculation should have included the value of employer taxes for government-mandated benefits and asks this Court to reverse its decision in Erakovic v. Department of Labor & Industries.[35] For the reasons discussed in our opinion in Feren&cacute;ak, we reject these arguments and affirm the Board's findings and conclusions on this issue.[36]
¶ 32 We reverse in part, and affirm in part.
WE CONCUR: DWYER and BAKER, JJ.
NOTES
[1] While the Department asserts that it provided "an array" of interpreter services, but not all of those requested, it does not specify services it provided.
[2] Later orders repeated the IAJ's ruling that the Board had no jurisdiction over this issue.
[3] Kaiser Aluminum & Chem. Corp. v. Dept. of Labor & Indus., 121 Wash.2d 776, 781, 854 P.2d 611 (1993) (citing 4 Am.Jur.2d Appeal and Error § 234 (1962)).
[4] Id. at 782, 854 P.2d 611.
[5] RAP 3.1 provides: "[o]nly an aggrieved party may seek review by the appellate court."
[6] State v. G.A.H., 133 Wash.App. 567, 574, 137 P.3d 66 (2006).
[7] Id. (internal quotation marks omitted) (quoting State v. A.M.R., 147 Wash.2d 91, 95, 51 P.3d 790 (2002)).
[8] Ruse v. Dep't of Labor & Indus., 138 Wash.2d 1, 5, 977 P.2d 570 (1999) (quoting Young v. Dep't of Labor & Indus., 81 Wash.App. 123, 128, 913 P.2d 402, review denied, 130 Wash.2d 1009, 928 P.2d 414 (1996)).
[9] Sepich v. Dep't of Labor & Indus., 75 Wash.2d 312, 316, 450 P.2d 940 (1969).
[10] See Feren&cacute;ak v. Dep't of Labor & Indus., 175 P.3d 1109, 1116 (Wash.Ct.App.2008) (citing RCW 51.52.060; Hanquet v. Dep't of Labor & Indus., 75 Wash.App. 657, 661, 879 P.2d 326 (1994), review denied, 125 Wash.2d 1019, 890 P.2d. 20 (1995); Lenk v. Dep't of Labor & Indus., 3 Wash.App. 977, 982, 478 P.2d 761 (1970)),
[11] 51 Wash.App. 216, 752 P.2d 1357 (1988).
[12] 51 Wash.App. at 219, 752 P.2d 1357.
[13] Id.
[14] 121 Wash.App. 352, 358 n. 13, 88 P.3d 432 (2004), review denied, 153 Wash.2d 1009, 111 P.3d 1190 (2005).
[15] We also note that he requested that all Department communications be made through his English-speaking attorney, indicating that there was no such need for translated orders.
[16] As in Feren&cacute;ak, we hold that the Department may not in the future avoid review of its policies by refusing to issue an order. Feren&cacute;ak, 175 P.3d 1109, 1116, n. 37.
[17] See Kustura v. Dep't of Labor & Indus., 175 P.3d 1117, 1130-1134 (Wash.Ct.App.2008).
[18] See id., at 1129.
[19] RCW 2.43.030(1).
[20] The IAJ further ruled that the Board would not provide an interpreter for perpetuation depositions. While the workers assert briefly in their response to the Board's appeal that the Board may not withhold interpreters for perpetuated testimony, the superior court's order does not address interpreter services for perpetuation depositions, nor do the workers address the court's failure to include this in its order in their assignments of error on cross-appeal. Thus, this aspect of the IAJ's ruling is not before us, and we do not consider it here.
[21] While we conclude that the Board should have provided interpreter services for communications with counsel during the hearing, we also hold, as we did in Kustura, that the statute does not require the Board to pay for such services because it did not initiate the proceedings. See Kustura, 175 P.3d at 1129. We recognize that Board regulations provide for appointment of interpreters at Board expense, but note that the applicable regulation is phrased in the permissive. See WAG XXX-XX-XXX(1) (providing that the IAJ "may appoint an interpreter."). Unless the claimant is indigent, the issue of who pays for interpreter services remains discretionary with the Board.
[22] The superior court found that the motion was untimely because the Board knew since April 2004 that this issue would be decided when it was served with Mestrovac's notice of appeal to the Board. But because the notice of appeal did not name the Board as a party and did not indicate that any direct relief was requested against it, there was no way for the Board KO know that Mestrovac was seeking a judgment against it for reimbursement of interpreter fees at that time. In fact, it was not until after the Department filed its motion for reconsideration and clarification of the superior court's decision that monetary relief against the Board was first suggested. The court's order on the motion to reconsider/clarify was issued April 17, 2006, and the Board filed its motion to intervene a few weeks later on May 11, 2006.
[23] See Martin v. Pickering, 85 Wash.2d 241, 244, 533 P.2d 380 (1975) ("In considering the question of timeliness, all the circumstances should be considered, including the matter of prior notice of the lawsuit and the circumstances contributing to the delay in moving to intervene.").
[24] See Spokane County v. State, 136 Wash.2d 644, 650, 966 P.2d 305 (1998),
[25] See 136 Wash.2d at 650, 966 P.2d 305(rulings on permissive intervention are reviewed for an abuse of discretion).
[26] In the August 1, 2006 order the superior court awarded him additional attorney fees against the Board for work performed "to obtain leave under RAP 7.2 for the Superior Court to enter this order."
[27] RAP 18.1.
[28] CABR 761.
[29] RCW 51.08.178(1).
[30] RCW 51.08.178(2).
[31] We also note that the statute refers to overtime "pay," not overtime "hours," evidencing an intent to exclude the overtime wage rate, while including the overtime hours. See RCW 51.08.178(1).
[32] Nonetheless the Board's calculation is supported by substantial evidence. Mestrovac's expert, Robert Moss, testified that based on his review of 52 weeks of bi-weekly play stubs, he worked an average of 4.81 overtime hours every two weeks, and the employer's human resource manager testified that his overtime was five hours every two weeks.
[33] See Fred Meyer v. Shearer, 102 Wash.App. 336, 8 P.3d 310 (2001).
[34] CABR 3 (wage rate based on hourly pay, eight hours per day, five days per week).
[35] 132 Wash.App. 762, 134 P.3d 234 (2006).
[36] See Feren*ceacute;ak, 175 P.3d at 1115-1116.