245 P.3d 253 (2011)
Sharon DAVIS and Batyah Chliek, individually and on behalf of all others similarly situated, Respondents,
James Booth, Plaintiff,
v.
WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES, an agency of the State of Washington; and Judy Schurke, in her capacity as the Director of the Washington State Department of Labor & Industries, Appellants.
No. 38527-9-II.
Court of Appeals of Washington, Division 2.
January 19, 2011.
*254 Dustin John Dailey, Attorney at Law, Olympia, WA, Petitioners.
Michael David Myers, Ryan Christopher Nute, Myers & Company PLLC, Seattle, WA, for Respondents.
ARMSTRONG, J.
¶ 1 Sharon Davis, Batyah Chliek, and James Booth filed a class action lawsuit in Thurston County Superior Court, alleging that the Department of Labor and Industries impermissibly allocated portions of their third party settlements to reimburse the workers' compensation fund. On summary judgment, the superior court declined to address whether it had subject matter jurisdiction over the claims and whether the named plaintiffs had exhausted their administrative remedies. The Department appeals, arguing that the superior court lacks original jurisdiction to hear industrial insurance claims and that the named plaintiffs' failure to exhaust their administrative remedies precludes relief. Because the superior court lacks subject matter jurisdiction over this action, we reverse and remand for dismissal.

FACTS
¶ 2 Sharon Davis, Batyah Chliek, and James Booth were all injured in work-related accidents caused by third parties. All three obtained lump sum settlements from the third parties. The Department allocated portions of their settlements to reimburse the workers' compensation fund under RCW 51.24.060(1).[1]
¶ 3 In July 2008, Davis, Chliek, and Booth filed this class action in superior court, asserting that the Department improperly included pain and suffering portions of the settlements in calculating the reimbursement amount. Relying on Tobin v. Department of Labor & Industries, 145 Wash.App. 607, 187 P.3d 780 (2008), they allege that the distribution orders constitute an unconstitutional taking under the Washington State Constitution, resulting in the Department's unjust enrichment. They seek relief individually and on behalf of all workers whose third party settlements had been subject to the Department's lien without excluding pain and suffering damages from the reimbursement calculation. In addition, on August 1, 2008, Davis and Chliek appealed their respective distribution orders to the Board of Industrial Appeals.[2]
*255 ¶ 4 The Department moved for summary judgment in superior court, arguing, inter alia, that the trial court lacked subject matter jurisdiction and that the plaintiffs had not exhausted their administrative remedies. Although the trial court granted the motion in part and dismissed several of the plaintiffs' claims, it declined to rule on whether it had subject matter jurisdiction over the industrial insurance issues raised in the lawsuit.
¶ 5 The Department sought discretionary review, which we granted to determine if the superior court has subject matter jurisdiction. See Spindle, Ruling Grating Review (January 9, 2009). We stayed the matter pending the outcome of Tobin v. Department of Labor & Industries, 169 Wash.2d 396, 239 P.3d 544 (2010). We lifted the stay on September 22, 2010. The dispositive issue before us is whether the superior court has jurisdiction to hear this matter. We hold that it does not.

ANALYSIS

A. Overview of Industrial Insurance Act

¶ 6 The Industrial Insurance Act abolishes workplace injury torts and establishes a workers' compensation fund. Title 51 RCW; Tobin, 169 Wash.2d at 400, 239 P.3d 544. Generally, workers cannot sue in tort but are instead limited to recovering workers' compensation benefits from the Department. RCW 51.04.010. A narrow exception to this rule permits injured workers to pursue tort actions against third parties responsible for the injury. RCW 51.24.030(1). Any recovery from a third party must be applied to reimburse the workers' compensation fund for benefits paid out on that worker's claim. RCW 51.24.060.
¶ 7 The Act provides a formula to calculate the reimbursement amount. RCW 51.24.060. Loss of consortium is explicitly excluded from the type of damages that the Department is entitled to reclaim. RCW 51.24.030(5). The Tobin court held that although not explicit, the Act also precludes the Department from subjecting pain and suffering damages to its reimbursement calculation. Tobin, 169 Wash.2d at 402, 239 P.3d 544.

B. Superior Court Jurisdiction

¶ 8 The Department asserts that the superior court's jurisdiction over industrial insurance claims is limited to appeals of final Board decisions. Without original subject matter jurisdiction, the Department argues, the superior court must dismiss the lawsuit. Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. Young v. Clark, 149 Wash.2d 130, 132, 65 P.3d 1192 (2003).
¶ 9 The Act provides an exclusive remedy for injured workers. Fay v. Nw. Airlines, Inc., 115 Wash.2d 194, 197, 796 P.2d 412 (1990). Except as provided in RCW 51.52.110, the Act abolishes the state courts' original jurisdiction over industrial insurance claims. RCW 51.04.010; Dougherty v. Dep't of Labor & Indus., 150 Wash.2d 310, 314, 76 P.3d 1183 (2003). The exception establishes a superior court's appellate jurisdiction over Board decisions. RCW 51.52.110. Acting in its appellate capacity, the superior court has limited jurisdiction and, to successfully invoke the court's jurisdiction, a party must comply with all the statutory procedural requirements. Fay, 115 Wash.2d at 197, 796 P.2d 412. Specifically, (1) the Board must have issued a final order or decision; (2) the appeal must be filed within 30 days of the Board's communication of its final order or decision; and (3) the petitioner must perfect the appeal by filing it with the superior court clerk and serving a copy on the director, the Board, and the self-insurer. RCW 51.52.110; Fay, 115 Wash.2d at 197-98, 796 P.2d 412.
¶ 10 Here, Davis and Chliek filed this lawsuit before appealing to the Board. Because Davis and Chliek did not obtain a final Board decision, they failed to invoke the court's appellate jurisdiction to review their claims.[3] RCW 51.52.110. A party cannot invoke the appellate jurisdiction of the superior court absent a final order to appeal. See Kingery v. Dep't of Labor and Indus., 80 Wash.App. 704, 710, 910 P.2d 1325 (1996) *256 ("[t]he superior court may only confirm, reverse, or modify a decision of the Board"). Moreover, it is undisputed that the superior court lacks original jurisdiction over industrial insurance claims. RCW 51.04.010. Without subject matter jurisdiction, a superior court lacks the power to decide a controversy. Skagit Surveyors and Eng'rs., LLC v. Friends of Skagit Cy., 135 Wash.2d 542, 556, 958 P.2d 962 (1998). Thus, the trial court should have dismissed the lawsuit for lack of subject matter jurisdiction.
¶ 11 This conclusion notwithstanding, Davis and Chliek contend that the superior court has jurisdiction over their "unjust enrichment" claims. Br. of Resp't at 9, 12 n.15. But the plain language of the Act abolishes jurisdiction of state courts over "all civil actions and civil causes of action for [industrial] injuries . . . except as in this title provided." RCW 51.04.010. Davis and Chliek cannot avoid the exclusive remedy provisions of the Act by invoking the trial court's authority to grant equitable relief. Equitable relief is available only where there is no adequate remedy at law and here, both Davis and Chliek have availed themselves of their right to appeal the Board's decision. See Seattle Mortgage Co., Inc. v. Unknown Heirs of Gray, 133 Wash.App. 479, 499, 136 P.3d 776 (2006).
¶ 12 Davis and Chliek also contend that the Act does not preclude superior court jurisdiction over the class members' claims. They claim that when the merits of the jurisdiction issue are inextricably linked to the merits of the claim itself, a court should permit a plaintiff to develop the relevant jurisdictional facts at trial. According to Davis and Chliek, the Act should not be construed to deprive a remedy to workers whose third-party distribution orders were entered pre-Tobin. Davis and Chliek reason that we should recognize the superior court's jurisdiction because (1) their respective administrative appeals were futile; (2) there is no administrative remedy for class members if Tobin applies retroactively; and (3) the class members have no appellate remedy because they had no reason to appeal their orders at the time they were issued. Without superior court jurisdiction, Davis and Chliek claim that Tobin would be "rendered illusory." Br. of Resp't at 16.
¶ 13 Davis and Chliek fail to acknowledge, however, that the trial court has yet to certify a class in this matter. Moreover, even if the legal claims of this hypothetical class have merit, they cannot survive dismissal unless the named plaintiffs have properly invoked the superior court's jurisdiction. See Dils v. Dep't of Labor and Indus., 51 Wash. App. 216, 217, 752 P.2d 1357 (1988). In Dils, the court affirmed the trial court's dismissal of a class action suit for lack of jurisdiction because the named plaintiff failed to exhaust his administrative remedies. Dils, 51 Wash. App. at 220, 752 P.2d 1357. Indeed, most courts agree that at least one named plaintiff must satisfy jurisdictional and exhaustion of remedies requirements before proceeding with a class action., See e.g., Oda v. State, 111 Wash.App. 79, 87-88, 44 P.3d 8 (2002) (named plaintiff's compliance with statutory notice requirements sufficient for class action to proceed); Doe v. Spokane & Inland Empire Blood Bank, 55 Wash.App. 106, 115, 780 P.2d 853 (1989) (a class representative cannot litigate a claim against a defendant the representative cannot sue individually); see also Gibson v. Chrysler Corp., 261 F.3d 927, 941 (9th Cir.2001) ("subject matter jurisdiction depends only on the named plaintiffs"); Phillips v. Klassen, 502 F.2d 362, 369 (D.C.Cir. 1974) (at least one named member of class must meet the exhaustion requirement for the class as a whole).
¶ 14 Davis and Chliek rely on Hanson v. Hutt, 83 Wash.2d 195, 517 P.2d 599 (1974) (superseded by constitutional amendment on other grounds), to show that retroactive class relief is appropriate. But Hanson is distinguishable because the superior court in that case had jurisdiction over the named plaintiff's claims. Hanson, 83 Wash.2d at 202, 517 P.2d 599. Hanson initially commenced a class action in superior court but was directed back to the Department of Employment Security to exhaust her administrative remedies. Hanson, 83 Wash.2d at 197, 517 P.2d 599. Hanson then appealed the decision denying her benefits to the superior court, and the superior court exercised its appellate jurisdiction in granting retroactive class relief. *257 Hanson, 83 Wash.2d at 197, 517 P.2d 599. Notably, at each stage in the proceedings, the plaintiffs reiterated their request for class relief. Hanson, 83 Wash.2d at 197, 517 P.2d 599.
¶ 15 Davis and Chliek also rely on Wright v. Colville Tribal Enterprise Corp., 159 Wash.2d 108, 120 n. 6, 147 P.3d 1275 (2006) (Madsen, J., concurring), for the proposition that the superior court can determine whether it has subject matter jurisdiction at trial where the issue is entwined with the merits of the claim itself. In Wright, the challenge to subject matter jurisdiction was factual, turning on whether there was sufficient evidence to prove that the defendant was a tribal entity entitled to tribal sovereign immunity. Wright, 159 Wash.2d at 111, 147 P.3d 1275. But here, the challenge to subject matter jurisdiction presents a legal question that we can resolve without further factual development. Thus, Wright does not apply.
¶ 16 In conclusion, the superior court lacks general jurisdiction to resolve this case.[4] And, because the named plaintiffs failed to properly invoke the superior court's appellate jurisdiction, we remand for the trial court to dismiss the action.
¶ 17 We reverse and remand for dismissal.
We concur: VAN DEREN, J. and WORSWICK, A.C.J.
NOTES
[1] RCW 51.24.060(1) provides that if a worker elects to seek damages from a third party, the Department is entitled to a lien against any recovery.
[2] Booth did not file an administrative appeal and that order became final. RCW 51.52.050; Marley v. Dep't of Labor & Indus., 125 Wash.2d 533, 537-38, 886 P.2d 189 (1994). Citing the finality of his third party distribution order, the superior court dismissed Booth from this lawsuit. Booth did not seek discretionary review of that determination and is not party to this appeal.
[3] A party need only substantially comply with notice and timing requirements. In re Indus. Ins. Claim of Saltis, 94 Wash.2d 889, 895-96, 621 P.2d 716 (1980).
[4] In addition, Davis and Chliek request that instead of dismissing the action for lack of subject matter jurisdiction, we could: (1) consolidate their individual appeals with this class action; (2) stay the matter pending their other appeals, (3) dismiss without prejudice; (4) stay the matter for a selection of an alternate class representative. These suggestions, however, are not supported by authority and we decline to address their merits. Holland v. City of Tacoma, 90 Wash.App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); RAP 10.3(a)(6). Moreover, these alternatives do not fix the respondents' primary problem, which is that the superior court lacks authority to take action.